**Luther Boyd HAMILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00340–CR.**

Court of Appeals of Texas, Dallas.

March 16, 1984.

Rehearing Denied April 12, 1984.

Discretionary Review Refused Oct. 31, 1984.

Tom S. McCorkle, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

STEPHENS, Justice.

Appellant, Luther Boyd Hamilton, was convicted in a trial before the court, of unlawfully carrying a prohibited weapon in violation of TEX.PENAL CODE ANN. § 46.02 (Vernon Supp.1984); he was sentenced to serve three days in jail and fined $100.00. On appeal, he asserts that 1) the trial court committed reversible error by denying his motion for acquittal because

the only evidence offered by the State that tended to show appellant's guilt was an inadmissible hearsay statement; 2) the trial court committed reversible error by finding appellant guilty because the evidence was insufficient to prove that appellant was not on his own premises or premises under his control. We agree with appellant's first contention. Accordingly, we reverse the judgment of the trial court and render a judgment of acquittal.

Two police officers went to a residence at 3235 Idaho, in Dallas, in response to a robbery call. When the officers arrived, they saw the appellant approximately two to three feet from a tree; Charles Humphreys was standing beside the appellant. As the officers got out of their cars both the appellant and Humphreys approached them. The officer testified that Humphreys told them that the appellant had just dropped a pistol into the bushes at the base of the tree. The officers found a handgun at that location and arrested the appellant for carrying an illegal weapon.

 Over a timely hearsay objection, the trial court allowed the policeman to testify as to his conversation with Humphreys. As a general rule, testimony concerning a statement made in the presence of the accused while he is not under arrest is admissible as an exception to the hearsay rule. *Crestfield v. State*, 471 S.W.2d 50 (Tex.Crim.App.1971), *cert. denied*, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed.2d 115 (1972). In this case, we cannot apply this general rule because there is no evidence in the record that appellant was in such close proximity that he heard or could have heard Humphrey's statement. Consequently, we cannot hold that the statement was made in the appellant's presence. This hearsay testimony was the only evidence showing appellant to be in possession of the weapon just prior to the arrival of the police. It was an extrajudicial statement offered to prove the truth of the matter asserted, and the hearsay objection to its admission should have been sustained. That evidence failing, the evidence was insufficient to sustain the conviction. *See*

*Salas v. State*, 403 S.W.2d 440 (Tex.Crim. App.1966). We therefore agree with appellant that the trial court committed reversible error by denying appellant's motion for acquittal. In light of our disposition of the case on appellant's first ground of error, we hold that it is unnecessary to consider his second ground of error.

The judgment of the trial court is reversed and a judgment of acquittal is hereby rendered.