Emanuel **FUENTES**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–88–01013–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

Kenneth L. Sanders, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin Hartmann, John Brook, Asst. Dist. Attys., Robb W. Shepherd, Student Intern, Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

O'CONNOR, Justice.

A jury convicted appellant, Emanuel Fuentes, Jr., of assault and assessed punishment at 120 days confinement and a fine of $125. In his sole point of error, appellant contends the trial court erred in compelling his wife to testify against him. Appellant's spouse, Ms. Fuentes, is the complainant in this case. The information alleged that appellant struck Ms. Fuentes with his fist.

## I. THE PRE–TRIAL HEARING ON THE PRIVILEGE

Before the trial on the merits, the trial court held a hearing outside the presence of the jury on the issue of Ms. Fuentes' privilege not to testify against her husband. At the hearing, the State questioned Ms. Fuentes and insisted she admit she testified against her husband at an earlier hearing on July 20, 1988. Ms. Fuentes finally admitted it, but repeatedly stated she did not want to testify against her husband.

As part of the hearing, defense counsel presented the trial court with a certified copy of the statement of facts of the July 20 hearing. The record indicated Ms. Fuentes had objected to testifying then, and that no one had informed her of her privilege to refuse to testify.

The trial court made two rulings. First, the court ruled Ms. Fuentes did not waive the privilege when she testified at the July 20 hearing. Second, the trial court ruled Ms. Fuentes was required to testify as to appellant's actions against her under Rule 504, sections 2(a) and (b), Texas Rules of Criminal Evidence.

## II. THE TRIAL ON GUILT

The first witness to testify at trial was Officer McCord, who testified he went to the Fuenteses' apartment on March 24, 1988, in response to a disturbance call. He saw Ms. Fuentes sitting on stairs outside the apartment crying when he arrived. She told the officer that appellant hit her with his fist and that he was inside the apartment. The officer went inside with Ms. Fuentes and called for a back-up unit. The officer stated Ms. Fuentes had a bump on her head and a black eye.

Under protest, Ms. Fuentes testified that her husband came home, and she told him to go away and threw his clothes outside because he did not come home the night before. She said they got into a fight, and appellant hit her in the eye. She called the police. Ms. Fuentes stated she did not want to testify against her husband nor did she want the State to prosecute him.

## III. THE PRIVILEGE NOT TO TESTIFY AND ITS EXCEPTIONS

The Texas Rules of Criminal Evidence grant a privilege to the spouse of the accused not to testify against the accused. The spouse of the accused has a privilege not to be called as a witness for the state. This rule does not prohibit the spouse from testifying voluntarily for

the state, even over objection by the accused....

Tex.R.Crim.Evid. 504(2)(a). There is an exception to the privilege not to testify: When the accused is charged with violence against any member of either spouse's household, the spouse may not assert the privilege not to testify. Tex.R.Crim.Evid. 504(2)(b). There is also an exception to the exception: When the accused is charged with a crime committed against the spouse during the marriage, the spouse may assert the privilege not to testify. *Id.* This last exception applies here: Ms. Fuentes had a right to assert the privilege not to testify against her husband. The trial court erred when it compelled her to testify against her husband at his trial.

The State argues Ms. Fuentes waived her privilege not to testify when she testified at the July 20 hearing. Rule 511, on which the State relies, says:

> A person upon whom these rules confer a privilege against disclosure waives the privilege if (1) he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter....

The State's premise is that Ms. Fuentes waived her privilege because she voluntarily testified at the July 20 hearing. The trial court, however, found that she did not voluntarily waive her privilege. We agree with the trial court's ruling.

The State also contends it could have introduced her former testimony under the "unavailable witness" rule. *See* Tex.R.Crim.Evid. 804. Rule 804 permits a party to introduce the former testimony of a witness who is exempted from testifying because of a privilege. Rule 804 would only permit the State to introduce her earlier testimony if it were itself admissible. The trial court found that Ms. Fuentes did not waive her privilege at the July 20 hearing. That testimony, therefore, was not admissible under rule 804. *See* Tex.R. Crim.Evid. 512. Without a waiver, the testimony from the earlier hearing was not admissible.

We hold the trial court compelled Ms. Fuentes to testify contrary to rule 504. On this record, we cannot say beyond a reasonable doubt that the error in forcing Ms. Fuentes to testify did not contribute to appellant's conviction. *See* Tex.R.App.P. 81(b)(2).

We reverse the judgment of the trial court and remand the cause for a new trial.