State v. Riley 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-263-CR





TOMMY EUGENE RILEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,804, HONORABLE JOE CARROLL, JUDGE PRESIDING 



 




 A jury found appellant guilty of the murder of James Edward Welch and assessed
punishment at 45 years' imprisonment. Tex. Penal Code Ann. § 19.02 (West 1989). Appellant's
first point of error addresses the trial court's denial of Lisa Riley's asserted spousal privilege. 
Appellant's second and third points of error focus on improper jury arguments in both the guilt-innocence and punishment phases of trial. We will overrule appellant's points of error and affirm
the judgment of conviction.

 Appellant's first point of error complains that the trial court erred in compelling
Lisa Riley to testify despite her assertion of the spousal privilege. An accused's spouse has a
privilege not to be called as a witness for the State, except when the accused is charged with a
crime committed against any member of either spouse's household. Tex. R. Crim. Evid. 504(2).

 To prove that appellant committed Welch's murder, the State relied on testimony
from Lisa Riley and an accomplice to the murder, Dwayne Stevenson. As appellant's wife, Lisa
Riley claimed the spousal privilege to avoid testifying. The trial judge compelled Lisa Riley to
testify, finding no right to claim such privilege. Immediately before his murder, Welch lived with
appellant, Lisa Riley, and Stevenson at 1106 4th Street in Temple, Texas.

 To repudiate the privilege, the State produced uncontroverted evidence of
appellant's previous and undissolved informal (common-law) marriage to Julie Johnson. The State
asserts that appellant's informal marriage to Johnson voids his subsequent ceremonial marriage
to Lisa Riley, and therefore, the privilege does not apply. See Tex. Fam. Code Ann. §§ 1.91,
2.01, 2.22 (West 1993). Although the parties never formally dissolved the informal marriage,
appellant ceased to live with Johnson in March 1987. Appellant notes that the Family Code
provision recognizing informal marriages also includes a statute of limitations disallowing proof
of any informal marriage outside the prescribed time periods. (1) Appellant contends that any
marriage to Johnson terminated on September 1, 1990, and therefore, the statute precludes the
State's attempt to prove his common-law marriage in May 1992.

 The clear language of the statute prevents proof of an informal marriage, for any
reason, after expiration of the prescribed limitations period. Therefore, the statute precludes the
State's attempt to prove a common-law marriage between Johnson and appellant. Consequently,
the State may not rely on evidence of appellant's previous informal marriage to negate the
privilege's application.

 The State argues in the alternative that Lisa Riley may not claim the privilege
because appellant is accused of a crime against a member of his household. Tex. R. Crim. Evid.
504(2)(b). To determine application of this specific exception, we must focus on the meaning of
"member of the household." 

 In the past, courts predominantly interpreted the term "member of the household"
in cases involving insurance policies. Such cases construed the term narrowly to include only
related members of the family unit. See, e.g., Hartford Casualty Ins. Co. v. Phillips, 575 S.W.2d
62 (Tex. Civ. App.--Texarkana 1978, no writ); National Emblem Ins. Co. v. McClendon, 481
S.W.2d 186 (Tex. Civ. App.--Texarkana 1972, writ ref'd n.r.e.); State Farm Mut. Auto. Ins. Co.
v. Walker, 334 S.W.2d 458 (Tex. Civ. App.--Fort Worth 1960, writ ref'd n.r.e.).

 More recently, the legislature defined the term "member of the household" in the
Family Code chapter governing protective orders. The Family Code defines household as "a unit
composed of persons living together in the same dwelling, whether or not they are related to each
other." Tex. Fam. Code Ann. § 71.01 (b)(5) (West Supp. 1993). Using this definition to
determine the scope of the privilege is appropriate because the Family Code's purpose of
preventing "family violence" (2) is congruent with the purpose of the privilege's exceptions: to
prevent assaults against children, the aged, and any other household member, whether or not
related to either spouse. See 33 Steven Goode, Olin G. Wellborn III and M. Michael Sharlot,
Guide to the Texas Rules of Evidence: Civil and Criminal § 504.8 (Texas Practice 1988).

 Under the Family Code's broad definition of "household," the evidence indicates
that Welch was a member of the household of appellant and Lisa Riley. Welch's mother, Mary
Knight, testified that Welch no longer lived with her. Although Knight did not know that her son
lived with the Rileys and Stevenson at the time of his murder (July 1991), Welch's former
roommate directed her to the 1106 4th Street address when she became concerned about his
disappearance. Once at this address, Knight questioned appellant about Welch's disappearance. 
After denying any knowledge of Welch's location, appellant indicated that Welch once lived at
this address by giving Knight his remaining clothes and belongings. Lisa Riley and Stevenson
both testified that they lived with Welch at 1106 4th Street immediately prior to his murder. This
evidence shows that Welch, Stevenson, and the Rileys constituted a "unit composed of persons
living together in the same dwelling." Because appellant was accused of a crime against a
member of the Rileys' household, Lisa Riley may not claim the spousal privilege. The trial court
did not err by compelling her to testify. We overrule appellant's first point of error.

 Appellant's second point of error complains that the trial court erred in overruling
his objection that the State's jury argument at the guilt stage concerned matters outside the record. 
The prosecutor stated, "I find myself the last couple of weeks up here apologizing about the
inability of science to work miracles in these criminal cases. Last week I tried a trial--." After
the trial judge overruled appellant's objection, the prosecutor continued to describe the previous
trial, stating, "Last week we tried a case where a man had been shot six or seven times, and I
found myself up in front of a jury apologizing for our inability to do an autopsy . . . ." 

 Improper jury argument is grounds for reversal of a trial court's judgment if we
find that the error contributed to appellant's conviction or punishment. Tex. R. App. P. 81(b). 
We must, therefore, isolate the error and all its effects and determine if a rational trier of fact
might reach a different result if the error and its effects had not occurred. Harris v. State, 790
S.W.2d 568, 587-88 (Tex. Crim. App. 1989). 

 Appellant correctly asserts that the State referred to matters not in evidence. 
However, the comment on an unrelated trial appears ineffectual to carry any weight on the jury's
decision of conviction. As it related to a matter wholly irrelevant to the case, the error could not
reasonably disrupt the jurors' orderly evaluation of the evidence in this cause. Because a trier of
fact would not rationally reach a different result absent the improper argument, it did not
contribute to appellant's conviction. We overrule appellant's second point of error.

 Appellant's third point of error complains that the trial court erred in the
punishment phase of trial by denying his motion for mistrial after the prosecutor argued matters
outside the record. The prosecutor stated, "Well, you know, it boils down to, too [sic], you set
the value of life in this county. And with so much senseless violence going on in our
communities, I mean we've had more murders when you--since you've been on this jury." The
trial judge sustained appellant's objection, instructed the jury to disregard the argument, and
overruled appellant's subsequent request for a mistrial.

 An instruction to disregard an improper argument fails to cure error only if the
remark is so inflammatory that its prejudicial effect cannot reasonably be removed. Kinnamon
v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990). Because the prosecutor's remark refers to
an immaterial matter that may be reasonably disregarded following instruction, we hold that the
trial judge's instruction removed any prejudicial effect of the improper argument. We overrule
appellant's third point of error.

 Finding no error, we affirm the judgment of conviction.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: March 17, 1992

[Publish]
1.   This provision provides in relevant part:


 (b) A proceeding in which a marriage is to be proved under this section [Proof
of Certain Informal Marriages] must be commenced not later than one year after
the date on which the relationship ended or not later than one year after
September 1, 1989, whichever is later.


Tex. Fam. Code Ann. § 1.91(b) (West 1993).
2.   "Family violence means an act by a member of a family or household against another
member of the family or household that is intended to result in physical harm, bodily injury,
or assault . . . ." Tex. Fam. Code Ann. § 71.01(b)(2)(A) (West Supp. 1993).