Ludwig v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-176-CR

     RONALD DAVID LUDWIG,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 17,857
                                                                                                    

OPINION DENYING REHEARING
                                                                                                    

      Appellant was convicted of capital murder on August 3, 1991, and the jury assessed his
punishment at imprisonment for life. We affirmed the conviction by written opinion on February
16, 1994.
      On February 22, Appellant filed a pro-se motion for an extension of time to file a motion for
rehearing, which we denied because he is represented by counsel. While the motion for extension
of time was pending, Appellant filed a timely pro-se motion for rehearing. We did not act on that
motion because time remained for Appellant's counsel to file a motion for rehearing. Counsel
have, however, filed nothing further.
      We will review Appellant's pro-se motion for rehearing in the interest of justice.
      Appellant's motion for rehearing assails our denial of his claim of privilege under Rule 504(1)
of the Rules of Criminal Evidence as to statements made by him to Theresa Trojacek, his wife. 
See Tex. R. Crim. Evid. 504(1). We determined that the phrase "of either spouse" in Rule
504(1)(d)(2) does not modify the term "any minor child." See id. 504(1)(d)(2). Thus, because
Appellant was being tried for a crime against the person of a minor child—Matthew Trojacek, age
five—the exception denies him the right to claim the privilege concerning confidential
communications made to his wife. See id. 504(1).
      Appellant asserts that our decision is contrary to the Court of Criminal Appeals' decision in
Johnson v. State, 803 S.W.2d 272 (Tex. Crim. App. 1990), cert. denied, ——— U.S. ———, 111
S.Ct. 2914, 115 L.Ed.2d 1077 (1991). We considered the Johnson opinion on original submission
and, finding that the relevant part of that opinion only interpreted the provisions of Rule 504(2)
relating to the spousal privilege not to be called as a witness rather than giving any interpretation
to exceptions contained in Rule 504, rejected it as part of our analysis. See id.; Tex. R. Crim.
Evid. 504(1), (2). Although Appellant is correct that the language of the pertinent exception of
Rule 504(1) is identical to an exception in 504(2), the Johnson opinion simply does not discuss
either part of the Rule. Instead, the Court discussed the privilege that a spouse has not to be called
as a witness—noting that the absolute disqualification of the former article 38.11 has been removed
and replaced with a privilege—and held that error occurred, although harmless, when the State
called the defendant's spouse as a witness in front of the jury while knowing that she would claim
her privilege not to testify.


 See Johnson, 803 S.W.2d at 283.
      Next, Appellant cites three cases from the courts of appeals. Riley v. State focuses on the
meaning of the phrase "member of the household" in Rule 504(2)(b).


 Riley v. State, 849 S.W.2d
901, 903 (Tex. App.—Austin 1993, pet. ref'd). Gibbons v. State and Fuentes v. State discuss only
the spousal privilege of Rule 504(2). Gibbons v. State, 794 S.W.2d 887, 892 (Tex. App.—Tyler
1990, no pet.); Fuentes v. State, 775 S.W.2d 64, 65-66 (Tex. App.—Houston [1st Dist.] 1989,
no pet.). Rule 504(2)(a) specifically grants a spouse the right to testify for the State, i.e., the
privilege not to testify belongs to the spouse and can be waived by him or her "even over objection
by the accused." Tex. R. Crim. Evid. 504(2)(a). The privilege granted by Rule 504(1) not to
disclose or to prevent another from disclosing a particular confidential statement made to one's
spouse belongs to the person making the statement. Id. 504(1)(a), (b), (c). Each part of the Rule
contains an exception from the general rule of privilege "in a proceeding in which an accused is
charged with a crime against the person of any minor child or any member of the household of
either spouse." Id. 504(1)(d)(2), 504(2)(b). We interpreted only the "any minor child" provision
of Rule 504(1)(d)(2), a phrase not interpreted in any case cited by Appellant.
      Appellant cites a fourth case as "Cochran v. State, 844 S.W.2d 494 (1991)." No such case
exists in Volume 844, and even by resorting to searches of electronic databases, we have been
unable to find a case similar to the factual summary given by Appellant. 
      Finally, Appellant makes arguments about the policy reasons behind the exceptions contained
in Rule 504 and arguments about its legislative history and purpose. We remain satisfied that our
original analysis is correct.
      Finding Appellant's motion for rehearing without merit, we deny it.
 
                                                                                     BILL VANCE
                                                                                     Justice

Before Chief Justice Thomas
      Justice Cummings and
      Justice Vance
Motion for rehearing denied
Order issued and filed April 6, 1994
Publish