Rudy **TEJEDA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–94–00229–CR.

Court of Appeals of Texas,
San Antonio.

June 21, 1995.

Discretionary Review Refused Oct. 11, 1995.

ment at six months confinement. In two points of error, appellant complains about the admission of his wife's out-of-court statements and the admissibility of evidence supporting the conviction. We affirm.

## Summary of Facts

According to San Antonio Police Officer Larry Hamilton, he arrived at the Tejeda house at 4 o'clock in the morning on July 26, 1993, shortly after receiving a dispatch about a family disturbance. He saw appellant and his wife, Brenda Cadena Tejeda, in the driveway arguing with one another. Hamilton observed that Mrs. Tejeda was crying, screaming, shaking, and appeared nervous. Immediately after Hamilton's arrival, Mrs. Tejeda told him that her husband had hit her. Hamilton asked her where and how she had been hit, and she said in her face, arm, and leg with a closed fist. Hamilton saw a cut above Mrs. Tejeda's left eye and marks on her left leg and right arm. After determining that appellant appeared intoxicated, Hamilton arrested him.

Prior to trial, Mrs. Tejeda invoked her privilege not to testify for the State. While indicating her frustration with Mrs. Tejeda about her decision not to testify and focusing on the propriety of her receiving welfare benefits, the trial court additionally cautioned Mrs. Tejeda that neither the police nor the court may help her in the future. The trial court then ordered Mrs. Tejeda to be available to the court during the pendency of appellant's trial, specifically stating, "If you leave, you'll be in contempt of Court and I'll have to put you in jail." Apparently, Mrs. Tejeda remained in the courtroom during trial because the State's only testifying witness, Officer Hamilton, identified her, over appellant's objection that the identification violated the spousal privilege.

During trial, Hamilton testified about his observations and Mrs. Tejeda's statements to him. Appellant objected to the admission of Mrs. Tejeda's statements on the basis that they were not hearsay exceptions but part of an on-going investigation. In addition, appellant moved for judgment of acquittal on the basis that his right of confrontation had

Richard E. Langlois, San Antonio, for appellant.

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

RICKHOFF, Justice.

This appeal involves the circumvention of the spousal privilege when the spouse's testimony is admitted as a hearsay exception. A jury found appellant, Rudy Tejeda, guilty of assault, and the trial court assessed punish-

been denied. He argued that he could not call Mrs. Tejeda and question her about her statements because she had invoked the spousal privilege. The trial court denied the motion, and the defense rested.

## Arguments on Appeal

In his first point of error, appellant complains about the admission of Mrs. Tejeda's out-of-court statements because (1) they were hearsay; (2) together with Hamilton's identification of Mrs. Tejeda, they circumvented her privilege not to testify; and (3) they violated appellant's right to confrontation and cross-examination. In his second point of error, appellant argues that Mrs. Tejeda's statements are insufficient to support a conviction.

### 1. Were Mrs. Tejeda's statements admissible?

The State contends that Mrs. Tejeda's statements to Officer Hamilton were excited utterances and admissible as exceptions to the hearsay rule. *See* TEX.R.CRIM.EVID. 803(2). Appellant argues that Mrs. Tejeda's statements were a narrative response to Officer Hamilton's interrogation rather than spontaneous remarks.

■ There is no single principle governing the admissibility of evidence under the excited utterance or spontaneous declaration exception to the hearsay rule. *Jones v. State*, 772 S.W.2d 551, 554–55 (Tex.App.— Dallas 1989, pet. ref'd). Each case must be considered on its own particular facts. *Fisk v. State*, 432 S.W.2d 912, 914 (Tex.Crim.App. 1968). If the statements are made while the witness is in the grip of emotion, excitement, fear, or pain, and they relate to the exciting event, they are admissible even after an appreciable time has elapsed between the exciting event and the making of the statement. *Penry v. State*, 691 S.W.2d 636, 647 (Tex. Crim.App.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Jones*, 772 S.W.2d at 555; TEX.R.CRIM.EVID. 803(2). The fact that such statements were made in response to questions by the investigating officer does not make the testimony inadmissible. *Jones*, 772 S.W.2d at 555 (citing *Mor-*

*ris v. State*, 157 Tex.Crim. 14, 246 S.W.2d 184, 186 (1951)).

■ Here, the evidence indicates that Mrs. Tejeda was under the emotional effects of the argument with appellant. Officer Hamilton testified that Mrs. Tejeda was still very upset when he first approached her and she volunteered that her husband had hit her. She continued to show excitement when Hamilton asked where and how she had been hit. We hold that Mrs. Tejeda's statements to Hamilton were admissible as excited utterances.

### 2. Was Mrs. Tejeda's spousal privilege abridged by her statements?

Appellant argues that Hamilton's repetition of Mrs. Tejeda's remarks should be inadmissible as a circumvention of Mrs. Tejeda's spousal privilege.

■ The spouse of an accused has a privilege not to be called as a witness for the State except where the accused is charged with a crime against a minor or any member of the household of either spouse. *Fuentes v. State*, 775 S.W.2d 64, 65–66 (Tex.App.— Houston [1st Dist.] 1989, no pet.); TEX. R.CRIM.EVID. 504(2). When the accused is charged with a crime committed against the spouse, the spouse may assert the privilege not to testify. *Fuentes*, 775 S.W.2d at 66; TEX.R.CRIM.EVID. 504(2)(b).

■ However, the spousal privilege does not prohibit evidence of out-of-court statements made by the witness spouse. *Jones v. State*, 859 S.W.2d 537, 540 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); *Gibbons v. State*, 794 S.W.2d 887, 893 (Tex.App.—Tyler 1990, no pet.). *See also United States v. Archer*, 733 F.2d 354, 359 (5th Cir.), *cert. denied*, 469 U.S. 861, 105 S.Ct. 196, 83 L.Ed.2d 128, *and cert. denied*, 469 U.S. 862, 105 S.Ct. 198, 83 L.Ed.2d 130 (1984). In other words, the privilege prevents compelled speech, it does not compel the capture of words already spoken.

■ In addition, appellant argues that *Jones*, 859 S.W.2d at 540, is inapplicable because, in that case, the spouse who invoked the privilege was not the complainant or

victim of the defendant-spouse. We find this distinction without merit. Accordingly, we hold that Mrs. Tejeda's out-of-court statements, properly admitted as hearsay exceptions, did not violate her spousal privilege not to testify against her husband.

### 3. Was Mrs. Tejeda's spousal privilege abridged by her identification?

Appellant argues that, after Mrs. Tejeda invoked her privilege not to testify, she could not be identified by Officer Hamilton. Appellant complains that the trial court improperly compelled Mrs. Tejeda's participation by ordering her to remain in the courtroom for the identification by the officer. During trial, Mrs. Tejeda stood to be identified but did not speak.

■ Rule 504(2)(a) involves a testimonial privilege. *Jones,* 859 S.W.2d at 540. A similar testimonial privilege, the privilege against incrimination, does not prevent a defendant from standing, putting on clothing, or otherwise exhibiting physical characteristics for identification purposes. *Taylor v. State,* 474 S.W.2d 207, 210 (Tex.Crim.App.1971); *Holder v. State,* 837 S.W.2d 802, 805 (Tex.App.—Austin 1992, pet. ref'd). Likewise, we find that requiring a witness spouse to stand and be identified is outside the protection of the spousal privilege.

■ While we find no error, we are not comfortable with the trial court's advocacy. By lecturing the complainant and threatening her with contempt and jail, the trial court forfeited the appearance of impartiality necessary in our judicial system. *See Metzger v. Sebek,* 892 S.W.2d 20, 37–38 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Bethany v. State,* 814 S.W.2d 455, 462 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); *State ex rel. Simmons v. Peca,* 799 S.W.2d 426, 430 (Tex.App.—El Paso 1990, no pet.) (defining the judge's role as neutral referee not advocate). Since Mrs. Tejeda was not intimidated into actually testifying, the trial court's action did not generate reversible error in appellant's trial.

### 4. Were appellant's Sixth Amendment rights violated?

Appellant contends that the admission of Mrs. Tejeda's out-of-court statements violated his rights to confrontation and cross-examination under the United States Constitution.

■ The Supreme Court has held that unless hearsay evidence either "falls within a firmly rooted hearsay exception" or is supported by a "showing of particularized guarantees of trustworthiness," it is inadmissible under the Confrontation Clause of the Sixth Amendment. *Idaho v. Wright,* 497 U.S. 805, 817, 110 S.Ct. 3139, 3147, 111 L.Ed.2d 638 (1990); *Lee v. Illinois,* 476 U.S. 530, 543, 106 S.Ct. 2056, 2063, 90 L.Ed.2d 514 (1986). While the Supreme Court did not describe the excited utterance as a firmly rooted hearsay exception, it noted that the circumstances surrounding the excited utterance provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous. *Wright,* 497 U.S. at 820, 110 S.Ct. at 3149.

■ In this case, Mrs. Tejeda's excited utterances are corroborated by the officer's observation of marks and bruises on her body. We therefore find that appellant's Sixth Amendment rights were not violated by the admission of his wife's out-of-court statements. *See United States v. Chapman,* 866 F.2d 1326, 1331 (11th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989) (finding no Sixth Amendment violation where a wife invoked her spousal privilege but her out-of-court statements were admitted against the defendant-spouse as a residual hearsay exception).

### 5. Was the evidence sufficient to convict?

Appellant contends that Mrs. Tejeda's hearsay statements are insufficient to support a guilty verdict.

■ The standard for reviewing the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307,

319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984). The standard is the same in both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 244–45 (Tex.Crim.App.1986); *Miranda v. State,* 813 S.W.2d 724, 731 (Tex.App.—San Antonio 1991, pet. ref'd). The reviewing court must consider all the evidence, both admissible and inadmissible, in deciding the sufficiency of the evidence. *Lockhart v. Nelson,* 488 U.S. 33, 39–42, 109 S.Ct. 285, 290–91, 102 L.Ed.2d 265 (1988). However, if the only evidence supporting conviction is inadmissible hearsay, then the evidence is insufficient to support a conviction. *See Hood v. State,* 828 S.W.2d 87, 90 (Tex.App.—Austin 1992, no pet.); *Hamilton v. State,* 682 S.W.2d 322, 323 (Tex.App.—Dallas 1984, pet. ref'd).

■ Officer Hamilton testified that he was dispatched to a family disturbance and shortly thereafter found the appellant and his wife in the driveway arguing. Hamilton described Mrs. Tejeda's emotional state and noticed a cut above her eye and bruises on her leg and arm. In addition to the hearsay testimony, which we found to be admissible, there is physical evidence circumstantially linking the appellant to the assault of his wife. We find that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.

### Conclusion

We overrule appellant's points of error and affirm the trial court's judgment.