TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00397-CR







Roy Jones, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0972119, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING







 Appellant pleaded guilty to possession of crack cocaine (1) and was sentenced to
imprisonment for two years. The district court suspended imposition of sentence and placed
appellant on community supervision for four years. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 6(a) (West Supp. 1999). The court later revoked supervision and imposed sentence after finding
that appellant violated the conditions of his supervision. (2) In his one point of error, appellant
contends that the trial court erred in admitting hearsay testimony as proof of violation of one of
the grounds for the revocation. We will affirm.

 In its motion to revoke probation, the State enumerated sixteen grounds as
violations of the terms and conditions of probation. Among the grounds was appellant's alleged
assault of his wife, Trenece Jones. (3) At the revocation hearing, Trenece Jones did not testify. (4) 
Instead, an Austin Police Officer, Robin Mathers, testified as to her involvement in the event. 
Officer Mathers testified that she arrived at the Jones house at about two o'clock in the morning
in response to a 911 call concerning a family disturbance. When Trenece Jones opened the door,
Officer Mathers observed that she was visibly upset and had red marks on her neck. Mathers
asked what was going on and Jones explained that she had just been in a physical altercation with
appellant and that he had hit her in the face and choked her. Over appellant's objection, Jones's
statement, as related by Officer Mathers, was admitted as an excited utterance exception to the
hearsay rule. See Tex. R. Evid. 803(2). At the conclusion of the hearing, the trial court
determined that the State proved each ground in the motion to revoke probation, and that appellant
had violated the terms and conditions of his probation.

 In a motion to revoke probation, the State must prove the allegations by a
preponderance of the evidence. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). 
That burden is met if the greater weight of credible evidence creates a reasonable belief that the
defendant violated at least one condition of his probation. See Scamardo v. State, 517 S.W.2d
293, 298 (Tex. Crim. App. 1974). Probation is a discretionary function, and the judge acts as the
sole fact finder, assessing the credibility of the witnesses and the weight to be given their
testimony. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Naquin v. State,
607 S.W.2d 583, 586 (Tex. Crim. App. 1980). Appellate review of an order revoking probation
is therefore limited to a determination of whether the trial court abused its discretion. See Barnett
v. State, 615 S.W.2d 220, 222 (Tex. Crim. App. 1981).

 In his point of error appellant contends that Officer Mathers's testimony of Jones's
statement was impermissible hearsay and should therefore have been barred. See Tex. R. Evid.
802. The State responds that this testimony was correctly admitted under the excited utterance
exception to the hearsay exclusion. An excited utterance is "[a] statement relating to a startling
event or condition made while the declarant was under the stress of excitement caused by the event
or condition." Tex. R. Evid. 803(2). For an excited utterance to be admissible, the declarant
must still be "dominated by the emotions, excitement, fear, or pain of the event" when the
declarant made the utterance, McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992),
and the utterance must relate to the existing event that caused these emotions. See Penry v. State,
691 S.W.2d 636, 647 (Tex. Crim. App. 1985).

 In Lawton v. State, 913 S.W.2d 542 (Tex. Crim. App. 1995), a detective testified
to a declarant's responses to the detective's questions one hour after the event, a murder, occurred. 
The fact that time had elapsed between the murder and the utterance was a factor, but the time
lapse alone did not remove the utterance from the realm of the exception. See Lawton, 913
S.W.2d at 553-54. The fact that the utterances were in response to police questioning was a
factor, but this was also not conclusive. Id. The court held that these factors together did not
negate the viability of an excited utterance exception in that case.

 Likewise, in a case similar to this one, the San Antonio Court of Appeals held
certain statements admissible as excited utterances. See Tejeda v. State, 905 S.W.2d 313 (Tex.
App.--San Antonio 1995, pet. ref'd). In response to a 911 call, a police officer came to the
assistance of Brenda Tejeda, who answered the officer's questions and explained that her husband
had hit her. Tejeda, 905 S.W.2d at 315. The officer also noted cuts on Tejeda's face, arm, and
leg. Id. Prior to trial, Tejeda invoked the spousal privilege not to testify against her husband, so
the State used the officer's testimony of the conversation. Id. The court of appeals affirmed the
trial court's admission of the officer's testimony as an excited utterance, despite the time lag
between the assault and the utterance, and despite the fact that the statement was made in response
to the officer's questions.

 Here, the trial court carefully considered the testimony and appellant's objection
and initially declined to allow the testimony. After establishing the nature of the statements and
their context, the prosecution again sought to introduce the testimony. The trial court overruled
appellant's objection. Officer Mathers's testimony establishes that Trenece Jones made the
statement shortly after being hit and choked. It follows that she was arguably under the stress of
the excitement caused by the event when she uttered the words to which the officer testified. We
conclude that the trial court did not abuse its discretion in admitting the challenged statement.

 In any event, proof of any violation of the terms of probation will support an order
revoking probation. See O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Taylor
v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1981). The State's case included the testimony
of two police officers, one criminal investigator from the district attorney's office, and appellant's
probation officer. They testified to all sixteen grounds for revocation set forth in the State's
motion. The trial court need find only one violation to support the order revoking probation. See
Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). The court found that all sixteen
grounds were supported by a preponderance of the evidence. 

 We overrule appellant's point of error and affirm the order revoking probation.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: May 13, 1999

Do Not Publish
1. See Tex. Health & Safety Code Ann. § 481.115(b) (West Supp. 1999).
2. The violations of probation included: non-payment of fees and restitution, testing positive
for drugs, firearm possession, spousal abuse, failure to appear for appointments with his probation
officer, failure to maintain suitable employment, changing his place of residence without the
necessary permission, and failure to avoid disreputable places and persons.
3. The State's motion to revoke alleged that appellant "committed a subsequent criminal offense
in that on or about the 2nd day of December, 1997 . . . [appellant] cause[d] bodily injury to
Trenece Jones by choking her."
4. The State sought to serve a subpoena on Jones, but she could not be located. A State witness
testified to at least three failed attempts to locate her.



xcitement caused by the event
or condition." Tex. R. Evid. 803(2). For an excited utterance to be admissible, the declarant
must still be "dominated by the emotions, excitement, fear, or pain of the event" when the
declarant made the utterance,