# NO. 12-22-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNEDY WAYNE TRAYLOR JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kennedy Wayne Traylor, Jr. appeals his conviction for burglary of a habitation. In his sole issue, Appellant contends the trial court abused its discretion in admitting testimony as an excited utterance over his hearsay objections. We affirm.

### BACKGROUND

In the early morning hours of December 19, 2020, the victim returned home from celebrating her birthday. She normally closes her garage, but she left it open that night. She awoke sometime between 3:00 a.m. and 4:00 a.m. and heard pounding on the door leading inside her home from the garage. She determined that it was Appellant. Appellant and the victim have a tumultuous relationship, have two children together, and were not together at that time. Furthermore, Appellant did not reside with the victim.

After she refused to allow his entry, Appellant kicked the metal door completely out of the frame, entering the home without her consent. She tried to call 911, the two tussled, and Appellant grabbed the phone and destroyed it. Appellant then went to the victim's bedroom, grabbed her wallet, and took several hundred dollars without her consent. At the time, according

to the victim, Appellant then sat on the bed and told her, "You know I love you."[1]  At that point, the frightened victim, unable to call for help, ran to her car and activated her horn numerous times to alert neighbors for help, who awoke and called 911.  Appellant fled the scene.

The victim told responding officers from the Tyler Police Department that Appellant was the culprit.  Appellant was later arrested and indicted for burglary of a habitation, enhanced to a first-degree felony punishment level due to a prior felony conviction for aggravated assault with a deadly weapon against this victim.[2]  Appellant pleaded "not guilty" to the offense and "true" to the enhancement.

Prior to trial, the victim submitted two affidavits.  In the first affidavit dated March 9, 2021, the victim stated in relevant part as follows:

> I am not wanting to [pursue] the charges any longer.  [Appellant's] mother replaced my money stolen as well as fixed the damages done to my property.  I honestly know [Appellant] is not a bad person.  He is the father of my children and I want him to be a part of their upbringing. [Appellant] has been through obstacles in life and although that is not an excuse for him and the choices he has made[,] I feel in my heart that with counseling and anger management he will be a great asset to society and a good father to his children.

In the second affidavit dated July 8, 2021, the victim stated that Appellant "was not the person who broke into my home and broke my cell phone while trying to get 911 help."

A bench trial ensued, where, among other things, the trial court heard evidence including the 911 call, Tyler Police Department Officer Brandon Lott's body cam footage of his interaction with the victim during his response to the 911 call, along with testimony from Officer Lott and Tyler Police Department Detective Craig Shine, who interviewed the victim and investigated the incident.  The victim also testified at the trial, but retracted her allegation that Appellant was the person who broke into her home and attacked her.

The trial court ultimately found Appellant guilty of the offense, the enhancement to be true, and after a punishment hearing, it sentenced Appellant to life imprisonment.  This appeal followed.

---

[1] As we discuss later in this opinion, the victim recanted not only that Appellant made this remark, but she also recanted that Appellant was the assailant.

[2] *See* TEX. PENAL CODE ANN. §§ 12.42(b), 30.02(c)(2) (West 2019).

In his sole issue, Appellant argues that the trial court abused its discretion in admitting, over his hearsay objection, State's Exhibit Two, which was Officer Brandon Lott's body camera footage capturing his interview with the victim admitted as an excited utterance.

## Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd). If the ruling is within the zone of reasonable disagreement, an appellate court will not disturb it. *Manuel*, 357 S.W.3d at 74.

A violation of the evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *see also Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error is reversible only if it affects the substantial rights of the accused. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). It is well settled that the admission of hearsay evidence does not constitute reversible error if the same facts were proven by evidence introduced without objection. *See Thomas v. State*, 621 S.W.2d 158, 164 (Tex. Crim. App. 1981) (op. on reh'g); *Rosales v. State*, 932 S.W.2d 530, 536 (Tex. App.—Tyler 1995, pet. ref'd). Therefore, "counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

## Applicable Law

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute or the Texas Rules of Evidence or by other rules prescribed pursuant to statutory authority. TEX. R. EVID. 802. The excited utterance exception, upon which the State relied at trial, is one of the recognized exceptions to the hearsay rule and applies to "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2); *see McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

This exception is based on the assumption that at the time the declarant makes the statement, she is not capable of the kind of reflection to enable her to fabricate information. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). For the excited utterance

exception to apply, (1) the "exciting event" should be startling enough to evoke a truly spontaneous reaction from the declarant, (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication, and (3) the resulting statement should be sufficiently "related to" the startling event to ensure the reliability and trustworthiness of that statement. *McCarty*, 257 S.W.3d at 241–42.

The critical issue is not the specific type of emotion that the declarant was dominated by, but whether the declarant was still dominated by the emotion caused by the startling event when she spoke. *Coble v. State*, 330 S.W.3d 253, 294 (Tex. Crim. App. 2010). In determining whether the declarant was still dominated by the emotion, the court may consider the length of time between the occurrence and the statement, the nature of the declarant, whether the statement was made in response to a question, and whether the statement is self-serving. *Apolinar*, 155 S.W.3d at 187. Although we can consider the time lapse between the event and the statement, as well as whether the statement was made in response to questioning, these factors are not necessarily dispositive. *Villanueva v. State*, 576 S.W.3d 400, 406 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). The trial court may also consider with the declarant's appearance, behavior, and condition at the time she made the utterance to determine the occurrence of an exciting event and the declarant's personal perception of it. *Ross v. State*, 154 S.W.3d 804, 809 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The question before us is "whether the statement was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Villanueva*, 576 S.W.3d at 406.

## Discussion

Appellant argues that the trial court erred in admitting State's Exhibit Two – Officer Lott's body camera footage of his response to the call as an excited utterance over his hearsay objection. He contends that the trial court did not conduct a meaningful review and that the statements were inadmissible because they resulted from questioning by Officer Lott. We disagree.

First, as we have stated, whether the statement was made in response to questioning, although a factor, is not dispositive. *Id.* Officer Lott testified that when he arrived at the scene, he saw the victim crying, and that she wore only a T-shirt and underwear with an oversized jacket given to her by the neighbor who called 911. He noted that it was chilly that early morning. Officer Lott, who arrived in just a few minutes after the fracas, described her

4

demeanor as visibly upset, frightened, and emotional, and said that she kept repeating statements. He testified, without objection, that the victim told him that Appellant was the perpetrator.

Officer Lott testified that the door had several dents, the latch was bent, and was opened with such force that it not only bent the frame of the door, but completely removed the frame from the structure of the house. The victim also told Officer Lott that Appellant broke her phone. In a search of the home, the officers discovered her "demolished" phone, car keys, and contents of the wallet strewn all over the floor. The victim also told Officer Lott that her left hand hurt from struggling over those items with Appellant. Although the officer did not observe any visual injuries, he testified that she appeared to be "guarding" her hand and not using it much during their interaction.

Officer Lott testified that he spoke with the victim for approximately twenty minutes, that she calmed down very little, was still showing signs of fear, and was afraid Appellant would return. The officer stated that "she was so frazzled by what happened, that she wasn't really in a state of mind to tell anything other than what happened." The victim even asked Officer Lott to make sure the front door was locked after he conducted a search of the premises to ensure Appellant was not present.

Accordingly, based on all of this evidence, we conclude that the trial court's determination that the victim was still dominated by the emotion caused by the startling event when she made the statement is well within the zone of reasonable disagreement. *See*, *e.g.,* ***Arzaga v. State***, 86 S.W.3d 767, 775 (Tex. App.—El Paso 2002, no pet.) (domestic-assault victim's answers to police officer's questions were admissible under rule when testimony showed declarant was still dominated by fear or pain of assault; officer testified he arrived at scene only 10 to 15 minutes after assault, declarant answered questions shortly after officer arrived, and officer described victim as crying, very distraught, and stuttering as she described assault); ***Tejeda v. State***, 905 S.W.2d 313, 316 (Tex. App.—San Antonio 1995, pet. ref'd) (victim's statement to officer was excited utterance when officer testified that she was very upset when he first approached her, she volunteered that husband hit her, and she continued to show excitement when officer questioned her about where and how she had been hit). Therefore, the trial court did not abuse its discretion in admitting State's Exhibit Two as an excited utterance. *See **id.***

Furthermore, even if the trial court erred in admitting State's Exhibit Two, Appellant failed to object to the same or similar evidence admitted by the trial court, rendering the admission of the exhibit harmless. *See Thomas*, 621 S.W.2d at 164 (admission of hearsay evidence rendered harmless by introduction of same or similar evidence without objection). For example, a neighbor heard the commotion and called 911. As he went to investigate, he saw the victim and handed his phone to her. She told the 911 operator that Appellant was the person who broke into her home and attacked her, along with other similar statements that corroborated her account to Officer Lott on State's Exhibit Two. The 911 call was admitted without objection. Moreover, Officer Lott testified at trial concerning these facts contained on State's Exhibit Two without objection. Detective Shine also testified without objection that the victim told him that Appellant committed the offense while interviewing her a few days after the incident. She even identified Appellant through a photograph shown to her by Detective Shine. The detective testified, without objection, that he was familiar with Appellant because he personally investigated a similar incident involving Appellant and the victim just a few months prior to this incident. Finally, photos depicting the scene, such as how the victim was clothed during the interview, the damage done to her door, the demolished phone, and other similar evidence were all admitted without objection from Appellant. Therefore, the trial court's admission of State's Exhibit Two was harmless. *See id.*

Appellant also appears to argue in his brief that the admission of State's Exhibit Two violated his right to confront witnesses against him under the Confrontation Clause of the Sixth Amendment in the United States Constitution. *See* U.S. CONST. amend. VI. Generally, to preserve a complaint for appellate review, the party must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). Confrontation Clause complaints are subject to this general preservation requirement. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). A defendant's failure to object on Confrontation Clause grounds at trial waives a Confrontation Clause complaint for appellate review. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that defendant failed to preserve a Confrontation Clause complaint for appellate review when the trial objection was solely on hearsay grounds).

A review of the record shows that Appellant did not object to the admission of State's Exhibit Two on Confrontation Clause grounds. As such, we conclude that Appellant failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); ***Davis***, 313 S.W.3d at 347; *see also **Paredes***, 129 S.W.3d at 535.

Appellant's sole issue is overruled.


## DISPOSITION

Having ***overruled*** Appellant's sole issue, the judgment of the trial court is ***affirmed***.


<u>GREG NEELEY</u>
Justice


Opinion delivered September 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2022**

**NO. 12-22-00114-CR**

**KENNEDY WAYNE TRAYLOR JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0193-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*