**David Michael BARNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66941.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 22, 1981.

---

Don Gladden, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Robert McCrarey, Pam Moore and Howard Borg, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On March 6, 1978, in a trial before the court, appellant was convicted upon his plea of guilty for delivering of a controlled substance, namely: methamphetamine. Punishment was assessed at five years, probated. On August 5, 1980, appellant's probation was revoked after the court found that he had violated the conditions of his probation by committing the offenses of resisting arrest and assault on May 2, 1980.

In three related contentions, appellant contends the court abused its discretion in revoking his probation. He maintains the evidence is insufficient to prove that he resisted arrest or assaulted the complainant. Appellant further urges that any bodily contact he had with the complainant was the result of self-defense.

Officer R. W. Panke, of the Arlington Police Department, testified that on the night of May 2, 1980, he was in uniform and on patrol in a marked squad car. Panke observed two vehicles racing and was forced to make a u-turn in order the pursue them. After stopping one of the vehicles, Panke saw appellant hanging out the passenger side of a moving car. As the car passed Panke, appellant screamed obscenities at the officer. Following this incident, Panke reentered his squad car and pursued the car occupied by appellant.

After stopping the car in which appellant was a passenger, Panke approached the car and appellant screamed another obscene phrase. At this time, appellant was told that he was under arrest for disorderly conduct and ordered out of the car. Panke related that appellant refused to leave the car and that he had to be physically removed. Once out of the car, appellant struggled with Panke and was eventually subdued and handcuffed. As Panke was placing appellant in the squad car, he was kicked in the face, chest, shoulder and groin area. Panke testified that he suffered pain and bruises as a result of appellant kicking him.

Appellant's wife, Terri Barnett, testified that she was the driver of the car in which her husband was a passenger when he was arrested. She stated that appellant did not resist arrest nor did he kick the officer. Lastly, she related that Panke was acting like a "maniac."

Appellant testified that he had screamed at Panke because the officer's actions in making a u-turn had almost caused his wife to have a collision. Appellant denied resisting arrest or attempting to injure Panke. Lastly, appellant stated that he did not kick the officer.

Betty McKay testified that she saw Panke "being rough" with appellant. She related that she did not observe appellant resisting Panke or kicking him.

 In a probation revocation proceeding the trial court is the sole trier of the facts. *Battle v. State*, Tex.Cr.App., 571 S.W.2d 20. Appellate review of an order revoking probation is limited to the issue of whether the court abused its discretion. *Flournoy v. State*, Tex.Cr.App., 589 S.W.2d 705. Finally, the standard of proof in such a proceeding is proof by a preponderance of the evidence. *Bradley v. State*, Tex.Cr. App., 564 S.W.2d 727.

 There was conflicting evidence with regard to appellant's actions toward Panke. The court in its role as trier of the facts chose to believe the events as related by Panke. The evidence thus supports the court's finding of resisting arrest and an assault. Appellant's contentions based upon the conflicting evidence presented at the hearing are without merit.

In two related contentions, appellant contends the court abused its discretion in revoking his probation. He maintains that there is insufficient evidence to prove that Panke believed appellant's arrest to be lawful or that he had probable cause for an arrest.

V.T.C.A.Penal Code, Sec. 38.03(a) and (b), provide as follows:

"(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

"(b) It is no defense to prosecution under this section that the arrest or search was unlawful."

 In *Gonzalez v. State*, Tex.Cr.App., 574 S.W.2d 135, this Court held that in view of Sec. 38.03, supra, it is now a criminal offense to resist an officer even though he may be making an unlawful arrest. See *Guevara v. State*, Tex.Cr.App., 585 S.W.2d

744. We therefore need not decide the legality of Panke's actions. Even if the arrest was unlawful, appellant's actions nevertheless constituted resisting arrest. *Gonzalez v. State*, supra. These contentions are without merit.

Appellant further contends the court abused its discretion in revoking his probation. He maintains the court unduly restricted his right to cross-examine Panke as to the basis of probable cause or reasonable belief that appellant had committed an offense.

The record reflects that in appellant's cross-examination of Panke, the following occurred:

"Q. Did you tell him what he had done, the basis upon which you were arresting him?

"A. I just advised him he was under arrest for disorderly conduct.

"Q. And that was in your opinion, yelling obscenities in public?

"A. Right.

"Q. Did he incite in so doing any immediate breach of the peace of anything?

"A. Disorderly conduct.

"Q. When he did it was somebody other than you incited to the point that he breached the peace?

"MR. BORG: Your Honor, I object to that. We renew our original objection. Secondly, this asks for this officer to go into the mental processes of some other witness that may or may not have been at the scene.

"THE COURT: I'll sustain that."

During argument before the court, appellant's counsel stated as follows:

"MR. GLADDEN: . . . I suggest to the Court that since we didn't get to go into the effect of what his hollering had that this Court probably should not consider whether it was a proper arrest or not a proper arrest, but rather transacted there at the scene, so I would object to the Court looking at or considering the

screaming or what effect the screaming had out there as to whether or not it constituted a defense because we didn't get to develop whether it constituted a defense or not.

"THE COURT: Are you asking me to reopen? The Court doesn't agree with you about cutting you off. I don't think this Court has cut you off in any fashion but if I have, and you insist that I have, I will let you reopen?"

Appellant did not chose to reopen the case in order to offer the excluded testimony. Nor does the record contain a bill of exception as to the excluded testimony.

■ When a defendant contends that his cross-examination of a witness has been unduly limited, nothing is preserved for review unless the record shows by bill of exception or otherwise what questions he wanted to propound and the answers he expected therefrom. *Toler v. State*, Tex.Cr. App., 546 S.W.2d 290; *Calverley v. State*, Tex.Cr.App., 511 S.W.2d 60. We conclude that appellant has failed to preserve the alleged error for review.

■ Finally, appellant challenges the constitutionality of Sec. 38.03, supra. He maintains the statute "chills the free exercise" of rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

A similar challenge to the statute was rejected by this Court in *Ford v. State*, Tex.Cr.App., 538 S.W.2d 633, when we stated:

"Several states have eliminated either by statute or by judicial decision the common law right to resist an unlawful arrest. This reflects a growing realization that the use of self-help to prevent an unlawful arrest presents too great a threat to the safety of individuals and society to be sanctioned. The line between an illegal and legal arrest is too fine to be determined in a street confrontation; it is a question to be decided by the courts. By limiting the common law right to resist an unlawful arrest, the Legislature has not limited the remedies

available to the person arrested. He or she may still take advantage of the right to bond, to appointed counsel if indigent, to prompt arraignment and determination of probable cause, to the exclusionary rule and to civil remedies against the offending policeman. The State has not increased the deprivation of liberty suffered upon arrest by the abolition of the common law right to resist an unlawful arrest. We hold that Section 38.03, supra, is a valid exercise of the police power and does not violate the United States or Texas Constitution." Id. at 635.

We adhere to our holding in *Ford* and thus reject appellant's challenge to the statute.

No abuse of discretion is shown in the revocation of appellant's probation.

The judgment is affirmed.