11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Degetreion
Latrell Scott

Appellant

Vs.                   No. 11-01-00276-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

This is an appeal from a judgment revoking appellant=s community
supervision.  Appellant was originally
indicted for the capital murder of Arnold Gaston.  The jury convicted appellant of the lesser included offense of
murder, assessed his punishment at confinement for 10 years, found that
appellant exhibited or used a deadly weapon, and recommended that the
imposition of the sentence be suspended. 
The trial court suspended the sentence and placed appellant on community
supervision for 10 years.  After a
hearing on the State=s motion to revoke, the trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, and imposed the original sentence of
confinement for 10 years.  We modify and
affirm.

Appellant=s court-appointed counsel has filed a
brief in which he states that,  after a
diligent review of the record and applicable law, he has concluded that the
appeal is frivolous and without merit. 
Counsel has furnished appellant with a copy of the brief and has advised
appellant of his right to review the record and file a pro se brief.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).

Appellant has filed a pro se brief raising four points of
error.  In his first three points,
appellant contends that the evidence was insufficient to support the trial
court=s findings that
he violated the terms and conditions of his community supervision by using
cocaine, by failing to report as directed, and by failing to pay fees as
directed.  








In a community supervision revocation hearing, the State has
the burden of proving by a preponderance of the evidence that a condition of
community supervision has been violated. 
Jenkins v. State, 740 S.W.2d 435 (Tex.Cr.App.1983).  Proof of one violation of the terms and
conditions of community supervision is sufficient to support the
revocation.  McDonald v. State, 608
S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State, 604 S.W.2d 175
(Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979).  The trial court is the trier of the facts
and determines the weight and credibility of the testimony.  Garrett v. State, 619 S.W.2d 172
(Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  Appellate review of an order revoking
community supervision is limited to the issue of whether the trial court abused
its discretion.  Flournoy v. State, 589
S.W.2d 705 (Tex.Cr.App.1979). 

The State alleged that appellant committed three violations
of the terms and conditions of his community supervision:  that he used cocaine, that he failed to report
as ordered, and that he failed to make court-ordered payments.  At the hearing, the State withdrew its
allegation that appellant had used cocaine. 
Therefore, appellant=s first point is moot.  

Tangerla Mayhew testified that she had been appellant=s probation
officer.  Mayhew identified appellant
and stated that he had failed to report on October 31 and November 6 of
2000.  Mayhew also testified that
appellant was $200 in arrears.  Mayhew
further stated that appellant was Arude,@ Adisrespectful,@ and Anot
cooperative.@  Appellant did not report on time and had to
be rescheduled three times.  Appellant
became upset when she discussed his offense with him.  Appellant changed his attitude when Mayhew informed him that a
urine specimen would be taken.  Mayhew
stated that she saw appellant twice:  on
October 25 and October 30 of 2000.  

The trial court did not abuse its discretion.  The second and third points are overruled.

In his last point, appellant contends that he was denied the
effective assistance of counsel at his community supervision revocation
hearing.  Appellant contends that his
counsel failed to call a AMr. Morgan@ as a witness, that counsel failed to
subpoena expert testimony concerning the urinalysis, that counsel failed to
make timely objections to hearsay testimony, that counsel failed to interview
Mr. Morgan, and that counsel failed to interview someone from the lab that
tested appellant=s urine.  








In order to determine whether appellant=s trial counsel
rendered ineffective assistance at trial, we must first determine whether
appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  We must indulge a strong presumption that
counsel=s conduct fell
within the wide range of reasonable professional assistance; and appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. 
Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.Cr.App.1991).

The record does not support appellant=s contentions.
Appellant states in his brief that Mr. Morgan was the technician Awho the State
alleged took the urinalysis from appellant.@ 
However, the record before this court does not mention a AMr. Morgan.@  The State dismissed its allegation
concerning appellant=s use of cocaine; therefore, appellant=s complaints
concerning the urinalysis are not relevant to this appeal. The record reflects
that trial counsel actively participated in the revocation hearing.  Appellant has not established that trial
counsel failed to render reasonably effective assistance.   This point is overruled.  

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The State requests in its brief that the judgment of the
trial court revoking community supervision be modified to reflect that the jury
determined in the trial on the merits that appellant used or exhibited a deadly
weapon in the commission of the murder. 
The trial court=s revocation judgment is modified to reflect the
deadly weapon finding.

As modified, the judgment of the trial court is affirmed.

 

PER CURIAM

 

April
25, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.