11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Duarte
Vicente Navarro

Appellant

Vs.                   No. 11-01-00271-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

This is an appeal from a judgment revoking community
supervision.  The trial court originally
convicted appellant, upon his plea of guilty, of the offense of delivery of
cocaine.  Pursuant to a plea bargain
agreement, the trial court assessed his punishment at confinement for 10 years
and a fine of $750 and then suspended the imposition of the confinement portion
of the sentence and placed appellant on community supervision for 5 years.  After a hearing on the State=s amended
motion to revoke, the trial court found that appellant had violated the terms
and conditions of his community supervision, revoked his community supervision,
and imposed the original sentence of confinement for 10 years and a $750
fine.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in which she states that, after diligently reviewing the entire record
and the applicable law, she has concluded that the appeal is frivolous and
without merit.  Counsel reviews the
pretrial proceedings, the trial court=s inquiry into the voluntariness of
appellant=s plea, the
written admonishments, the evidence presented, and the performance of trial
counsel.  Counsel concludes that there
are no arguable issues to advance on appeal, that appellant received reasonably
effective assistance of counsel, and that appellant received a fair trial free
from reversible error.

Counsel has furnished appellant with a copy of the brief and
has advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous
v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following the procedures outlined in Anders, we have
independently reviewed the record.

In
a community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex.Cr.App.1983).  Proof
of one violation of the terms and conditions of community supervision is
sufficient to support the revocation. 
McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State,
604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979).  The trial court is the
trier of the facts and determines the weight and credibility of the testimony.  Garrett v. State, 619 S.W.2d 172
(Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).   Appellate review of an order revoking
community supervision is limited to the issue of whether the trial court abused
its discretion.  Flournoy v. State, 589
S.W.2d 705 (Tex.Cr.App.1979).  

The State alleged that appellant violated the terms and
conditions of his community supervision by committing the offense of aggravated
assault, by failing to report as ordered, and by failing to obtain a drug and
alcohol evaluation as ordered.  The
record reflects that, prior to the revocation hearing, appellant was convicted
of aggravated assault and sentenced to confinement for 20 years.  Joe Woodward, a probation officer assigned
to the district court, testified that appellant failed to report as ordered to
his supervising officer and for a post-sentence interview as ordered and that
he failed to get a drug and alcohol evaluation as ordered.  The trial court did not abuse its discretion
in revoking appellant=s community supervision.

The record further supports counsel=s conclusion
that appellant received reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  We agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

May
9, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of:  Arnot, C.J., and

Wright, J., and
McCall, J.