11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ricardo Vela
Benavides

Appellant

Vs.                   No.
11-02-00069-CR B Appeal from Palo Pinto County

State of Texas

Appellee

 

This
is an appeal from a judgment revoking community supervision.  Appellant originally entered a plea of
guilty to the offense of possession of methamphetamine.  The trial court convicted appellant and
assessed his punishment at confinement for 10 years and a $3,000 fine.  Pursuant to the plea bargain agreement, the
trial court suspended the imposition of the confinement portion of the sentence
and placed appellant on community supervision for 10 years.  At the hearing on the State=s amended motion to revoke, appellant entered pleas of true
to each of the State=s allegations that he violated the terms
and conditions of his community supervision. 
The trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, and
imposed the original sentence of confinement for 10 years.  We affirm.

Appellant=s court-appointed counsel has filed a brief in which he
states that he has studied the entire record and that he has found no clear
error which was preserved for appellate review.  Counsel outlines the proceedings in the trial court and the
evidence presented.  Following the
procedures outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous
v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel presents one arguable point
of error. 








Counsel
contends that appellant=s pleas of true at the revocation hearing
may not have been freely and voluntarily made. 
Counsel points out that appellant was not given the opportunity Ato articulate, in his own words, what could happen at the
hearing.@ 
Also, counsel contends that appellant was not told that he had a right
to plead not true; that he could require the State to call witnesses; that his
attorney could cross-examine those witnesses; that he could testify in his own
behalf; and that, if the trial court found that the State had not sustained its
burden, his community supervision would not be revoked.  Counsel contends that, without the Aopportunity to articulate what the hearing was about and the
additional admonishment, there is some doubt that appellant truly understood
what was to occur if he persisted in pleading >true.=@  We disagree.

The
record reflects that the trial court thoroughly admonished appellant concerning
his pleas of true.  When appellant
answered that he was pleading true because the allegations were true, the trial
court asked if there were any other reasons why he was pleading true.  Appellant answered, ANo, sir, just because it=s
true.@ 
Appellant=s trial counsel stated that he believed
appellant was competent to enter such a plea. 
The trial court then further admonished appellant concerning the
ramifications of his pleas.  Appellant
indicated that he understood. 

The
record supports the trial court=s conclusions that appellant=s pleas of true were freely and voluntarily entered.  The point of error is overruled.

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, supra; Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.

Following
the procedures outlined in Anders, we have independently reviewed the
record.  We note that, in a community
supervision revocation hearing, the State has the burden of proving by a
preponderance of the evidence that a condition of community supervision has
been violated.  Jenkins v. State, 740
S.W.2d 435 (Tex.Cr.App.1983).  Proof of one
violation of the terms and conditions of community supervision is sufficient to
support the revocation.  McDonald v.
State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State, 604 S.W.2d 175
(Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979).  The trial court is the trier of the facts
and determines the weight and credibility of the testimony.  Garrett v. State, 619 S.W.2d 172
(Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  A plea of true alone is sufficient to support
the trial court=s determination to revoke.  Moses v. State, supra; Cole v. State, 578
S.W.2d 127 (Tex.Cr.App.1979).  Appellate
review of an order revoking community supervision is limited to the issue of
whether the trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979).    








Brandy
Sparks, appellant=s supervising officer, testified that
appellant had failed to make court-ordered payments and that appellant had
consumed methamphetamine on two occasions all in violation of the terms and
conditions of his community supervision. 
Appellant testified that the reason he tested positive for
methamphetamine the first time was because he Awas
constipated real bad@ and because he took Asome medicine for [his] constipation and other things.@  Appellant stated
that methamphetamine Asometimes@
cured his constipation.  The second
time, appellant testified that he Awas around the wrong people.@  Appellant stated
that these people brought the drugs to his house and that it was his Achoice@ to allow it.  He could not remember their names.  Appellant further stated that he was having Aa hard time coping with stuff@
because his wife had recently been killed in a car wreck.  

The
record reflects that the trial court did not abuse its discretion.  We agree that the appeal is without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

July 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.