11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Alex Theophilus McKinney

Appellant

Vs.                   Nos.
11-00-00357-CR & 11-00-00358-CR B Appeals from Palo Pinto County

State of Texas

Appellee

 

These are
appeals from judgments revoking appellant=s community supervision.  In
Cause No. 11-00-00357-CR, the jury convicted appellant of aggravated assault
with a deadly weapon, assessed his punishment at confinement for 7 years and a
$2,000 fine, and recommended that the imposition of the confinement portion of
the sentence be suspended and that appellant be placed on community supervision
for 7 years.  In Cause No.
11-00-00358-CR, the jury convicted appellant of false imprisonment, assessed
his punishment at confinement for 5 years and a $2,000 fine, and recommended
that the imposition of the confinement portion of the sentence be suspended and
that appellant be placed on community supervision for 5 years.  After a hearing on the State=s motions to revoke, the trial court found in
each case that appellant had violated the terms and conditions of his community
supervision, revoked appellant=s community supervision, and imposed the original sentences of
confinement for 7 and 5 years respectively and a $2,000 fine in each case.  We affirm.

In two
points of error, appellant contends that the trial court abused its discretion
in revoking his community supervision because the State did not establish by a
preponderance of the evidence that he violated any of the terms and conditions
of his community supervision and because he was denied due process because he
did not have notice of the Aamendment of probation.@  We disagree.








In a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex.Cr.App.1983).  The
trial court is the trier of the facts and determines the weight and credibility
of the testimony.  Garrett v. State, 619
S.W.2d 172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220
(Tex.Cr.App.1981).   Appellate review of
an order revoking community supervision is limited to the issue of whether the
trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979). 

The trial
court found that appellant had violated the terms and conditions of his
community supervision by failing to report for the month of July 2000, by
failing to pay fines and court costs 
for the month of July 2000, by failing to pay community supervision fees
for the month of July 2000, and by failing to report to the Palo Pinto County
Jail on June 19, 2000, as ordered.  At
the hearing, Ronald Edwards, the director of the Community Supervision and
Correction Department for the 29th District Court, testified that appellant did
not report to his office during the first 10 days of July 2000, that appellant
did not pay either the supervisory fees or the fines and court costs for the
month of July 2000, and that appellant failed to report to the Palo Pinto
County Jail as ordered.  Edwards
testified that faxes were received from a Fort Worth hospital showing that on
June 19 at 8:00 a.m. appellant reported as an outpatient and that he departed
an hour later and from the Bonham VA hospital on June 30 stating that appellant
would be admitted on August 23. 
Edwards  stated that appellant
was arrested on August 8.  Walt Rucker,
assistant jail administrator at the Palo Pinto Law Enforcement Center,
testified that appellant did not appear or report on June 19 to the Palo Pinto
County Jail as ordered.

Appellant
testified that he was a disabled veteran; that as of July 2000 he had a 100
percent disability; that he had not told his probation officer about his use of
marihuana or Aregular@ cocaine because he and his officer Adidn=t click@; that he had had heart attacks in 1982 and in 1998; and that he
suffered from diabetes, hypertension, coronary disease, gout, kidney problems,
and flat feet. Appellant stated that he did not show up on June 19 because he
was having heart trouble.  He first went
to a clinic and was then transported by ambulance to a Fort Worth
hospital.  From there, he was moved to
the Dallas VA Hospital and was released on June 22.  On June 28 appellant stated that he was admitted to the Bonham VA
Hospital where he said he stayed until he was arrested on August 15.  Appellant admitted that, between June 22 and
28, he could have reported while he was out of the hospital and staying with
his son in Arlington.   Instead, he
claimed that he called the Palo Pinto Community Supervision office.  








Evidence
that appellant failed to report to the community supervision office as ordered,
failed to make court-ordered court cost and fine payments, and failed to make
the court-ordered fine payments was undisputed.  Proof of one violation of the terms and conditions of community
supervision is sufficient to support the revocation.  McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v.
State, 604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979).  The trial court did
not abuse its discretion.  The first
point of error is overruled.

It is
further undisputed that the trial court conducted a hearing on June 16 on  prior motions to revoke, that appellant was
present at the hearing and was represented by counsel, that the trial court
rejected appellant=s
request to attend a rehab program at the Bonham VA Hospital and ordered that he
participate in the SAFPF, that the trial court afforded appellant time to take
care of personal business, and that the trial court ordered appellant to report
to the Palo Pinto County Jail 3 days later on the 19th.  Appellant testified that, during the time he
was at the Bonham VA prior to his arrest, he was in the VA rehab program.  It is further undisputed that appellant was
not served a written copy of this amendment to his community supervision.   Appellant testified at the revocation
hearing which is the subject of these appeals that he was present at the June
16 hearing and that he knew he was to report on June 19 to enter the SAFPF
program.  It is undisputed that appellant
had actual notice of his obligation to report as set out in the amendments to
his community supervision.  The record
does not support his claims of denial of due process.  The second point of error is overruled.

The
judgments of the trial court are affirmed.

 

PER
CURIAM

July 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.