NO. 12-01-00367-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ROOSEVELT LINICOMN, JR.,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Roosevelt Linicomn, Jr. pleaded guilty to the offense of Possession of a Controlled
Substance of less than 28 grams on June 24, 1991, and the trial court assessed punishment at
imprisonment for ten years, probated. On October 18, 2001, upon the timely motion of the State,
the trial court revoked Appellant's probation and sentenced him to two years incarceration in the
Texas Department of Criminal Justice - Institutional Division. In his sole issue, Appellant complains
that the trial court abused its discretion when it revoked his probation. We affirm. 

 In a motion to revoke probation hearing, the decision whether to revoke rests within the
discretion of the trial court. Barnett v. State, 615 S.W.2d 220, 222 (Tex. Crim. App. 1981). Even
so, this discretion is not absolute. Scamardo v. State, 517 S.W.2d 293, 297 (Tex. Crim. App. 1974). 
The trial court is not authorized to revoke probation without a showing that the probationer has
violated a condition of the probation imposed by the court. DeGay v. State, 741 S.W.2d 445, 449
(Tex. Crim. App. 1987). The burden of proof in a probation revocation hearing is by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). But
an appellant's judicial admission of the violation of the terms of his probation is sufficient evidence
to support the revocation of probation. Bush v. State, 506 S.W.2d 603, 605 (Tex. Crim. App. 1974). 
Violation of a single condition of probation is sufficient to support revocation. Sanchez v. State, 603
S.W.2d 869, 871 (Tex. Crim. App. 1980). And when a motion alleges several violations of
probation, the court's order revoking probation will be affirmed if the proof on any one of the
allegations is sufficient. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). 

 The State's motion to revoke probation alleged that Appellant had violated the following
condition of his probation: "Commit no offense against the laws of this state or any other state or of
the United States or of any governmental entity." It also alleged that Appellant had not reported to
his probation officer as required. At the hearing, Appellant admitted that in 1996, he pleaded guilty
to theft by check in Houston County. This judicial admission is factually sufficient to support the
trial court's discretionary order revoking Appellant's probation. Accordingly, we overrule
Appellant's sole issue.

 We affirm the judgment of the trial court.


Opinion delivered July 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)