11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Eric Rashurn Hunter

Appellant

Vs.                   No.
11-01-00389-CR B Appeal from Taylor County

State of Texas

Appellee

 

This is an
appeal from a judgment revoking community supervision.  Appellant originally entered a plea of
guilty to the offense of possession of cocaine.  TEX. HEALTH & SAFETY CODE ANN. ' 481.115 (Vernon Pamph. Supp. 2002). 
The trial court convicted appellant and assessed punishment at
confinement for 18 months in a state jail facility and a $1,000 fine.  Pursuant to the plea bargain agreement, the
trial court suspended the imposition of the confinement portion of the sentence
and placed appellant on community supervision for two years.  At the hearing on the State=s motion to revoke, appellant entered pleas
of true to the State=s
allegations, and the parties entered into a second plea bargain agreement.  The trial court found that appellant had
violated the terms and conditions of his community supervision, revoked his
community supervision, and followed the plea bargain agreement by imposing a
sentence of confinement in a state jail facility for 18 months.  Appellant filed a pro se notice of appeal.

When appellant=s brief was not filed, this court abated the
appeal in order that the trial court could conduct a TEX.R.APP.P. 38.8
hearing.  At the Rule 38.8 hearing,
appellant testified, AYes, I
made the decision that I do not want to file - - go through with the appeal.@  When
asked by his counsel if he still felt that way at the time of the hearing,
appellant responded, AI
absolutely know that, yes, I do.@  At the conclusion of the
hearing, the trial court found that appellant desired to abandon his
appeal.  








In a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex.Cr.App.1983).  Proof
of one violation of the terms and conditions of community supervision is
sufficient to support the revocation. 
McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State,
604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979).  The trial court is the trier of the facts
and determines the weight and credibility of the testimony.  Garrett v. State, 619 S.W.2d 172
(Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  A plea of true alone is sufficient to support
the trial court=s determination to revoke.  Moses v. State, supra; Cole v. State, 578
S.W.2d 127 (Tex.Cr.App.1979).  Appellate
review of an order revoking community supervision is limited to the issue of
whether the trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979).  

The record
does not reflect that the trial court abused its discretion in revoking
appellant=s community supervision upon his plea of true
or in assessing punishment pursuant to the plea bargain agreement.  The record further reflects that appellant
has been represented by counsel at the trial on the merits, at the revocation
hearing, and at the Rule 38.8 hearing. 

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

September 12, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.