11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Matthew Session

Appellant 

Vs.                   No.
11-02-00066-CR B Appeal from Taylor County

State of Texas 

Appellee

 

Appellant
was originally convicted, upon his plea of guilty, of possession of cocaine
with the intent to deliver.  The trial
court assessed punishment at confinement of 10 years and a $1,000 fine.  Pursuant to the plea bargain agreement, the
imposition of the confinement portion of the sentence was suspended, and
appellant was placed on community supervision for 10 years.  At the hearing on the State=s amended motion to revoke, appellant entered
a plea of true to all 9 allegations. 
The trial court found all 9 allegations to be true, revoked appellant=s community supervision, and imposed the
original sentence of confinement for 10 years. 
We affirm.

In a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex.Cr.App.1983).  Proof
of one violation of the terms and conditions of community supervision is
sufficient to support the revocation. 
McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State,
604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979).  The trial court is
the trier of the facts and determines the weight and credibility of the
testimony.  Garrett v. State, 619 S.W.2d
172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  A plea of true alone is sufficient to
support the trial court=s determination to revoke. 
Moses v. State, supra; Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.1979). 

Appellant=s plea of true to the nine allegations is
sufficient to support the trial court=s actions.  Appellant has not
established that the trial court abused its discretion.

 








The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

February 6, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.