11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Balaunda Polk Washington

Appellant

Vs.                   No.
11-02-00311-CR B Appeal from Dallas County

State of Texas

Appellee

 

This is an
appeal from a judgment revoking community supervision.  On June 7, 2002, the trial court convicted
appellant, upon her plea of guilty, of possession of cocaine and assessed her
punishment at confinement for two years in a state jail facility.  However, the trial court suspended the
imposition of the sentence and placed appellant on community supervision for
two years.  On July 25, 2002, the State
filed a motion to revoke alleging that appellant used cocaine.  At the hearing on the State=s motion, appellant entered a plea of true to
the allegation that she violated the terms and conditions of her community
supervision by using cocaine.  The trial
court found that appellant had violated the terms and conditions of her
community supervision, revoked her community supervision, and imposed the
original sentence of confinement for two years in a state jail facility.  We modify and affirm.

                                                                  Applicable
Law








In a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex.Cr.App.1983).  Proof
of one violation of the terms and conditions of community supervision is
sufficient to support the revocation. 
McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State,
604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979).  The trial court is
the trier of the facts and determines the weight and credibility of the
testimony.  Garrett v. State, 619 S.W.2d
172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  A plea of true alone is sufficient to
support the trial court=s determination to revoke. 
Moses v. State, supra; Cole v. State, 578 S.W.2d 127
(Tex.Cr.App.1979).  Appellate review of
an order revoking community supervision is limited to the issue of whether the
trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979). 

                                                             Contentions
on Appeal

In her
first issue, appellant contends that the trial court abused its discretion in
revoking her community supervision. 
Specifically, appellant contends that testimony of her changed behavior
and changed attitude supported her plea to be reinstated on community supervision.  As noted above, proof of one violation as
well as a plea of true by the defendant will support the trial court=s decision to revoke.  The trial court did not abuse its
discretion. The first issue is overruled.

In her
second issue, appellant contends that the June 7, 2002, judgment of conviction
incorrectly stated that a plea bargain agreement was reached.  We agree. 
The plea papers reflected that appellant entered an open plea.  The second issue is sustained, and the June
7, 2002, judgment of conviction is modified to reflect that appellant entered
an open guilty plea.

                                                                This
Court=s Ruling

The
judgment of the trial court revoking appellant=s community supervision is affirmed. 
The June 7, 2002, judgment of conviction is modified to reflect that an
open plea of guilty was entered.

 

TERRY
McCALL

JUSTICE

 

May 1, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.