Opinion filed December 21, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-05-00296-CR & 11-05-00297-CR 

                                                    __________

 

                              ELLIS
EDWARD WARREN III, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland County, Texas

 

                                    Trial
Court Cause Nos. CR28306 & CR28307

 



 

                                                                   O
P I N I O N

Ellis Edward Warren III appeals the trial court=s judgments revoking his community
supervision.  We affirm.








The trial court originally convicted appellant of
two offenses of delivery of cocaine and assessed his punishment at confinement
for two years for each offense.  However,
in each case, the trial court suspended the imposition of the sentence and
placed appellant on community supervision for five years.  At the hearing on the State=s motions to revoke, appellant entered
pleas of true to all of the State=s
allegations that he had violated the terms and conditions of his community
supervision. In each case, the trial court found the allegations to be true,
revoked appellant=s
community supervision, and imposed a sentence of confinement for eighteen
months in a state jail facility.

Appellant=s
court-appointed counsel has filed motions to withdraw.  The motions are supported by briefs in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeals are frivolous.  Counsel has provided appellant with copies of
the briefs and advised appellant of his right to review the record and file
responses to counsel=s
briefs.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeals are
without merit.  We note that, in a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Jenkins v. State,
740 S.W.2d 435 (Tex. Crim. App. 1983). 
Proof of one violation of the terms and conditions of community
supervision is sufficient to support the revocation.  McDonald v. State, 608 S.W.2d 192
(Tex. Crim. App. 1980); Taylor v. State, 604 S.W.2d 175 (Tex. Crim. App.
1980); Moses v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979).  The trial court is the trier of the facts and
determines the weight and credibility of the testimony.  Garrett v. State, 619 S.W.2d 172 (Tex.
Crim. App. 1981); Barnett v. State, 615 S.W.2d 220 (Tex. Crim. App.
1981).  A plea of true alone is
sufficient to support the trial court=s
determination to revoke.  Moses,
590 S.W.2d at 470; Cole v. State, 578 S.W.2d 127 (Tex. Crim. App.
1979).  Appellate review of an order
revoking community supervision is limited to the issue of whether the trial
court abused its discretion.  Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979). 








In each case, appellant has filed in this court a
pro se motion asking this court to assist him Ain
gaining legal counsel.@  Appellant=s
request is not properly before this court. 
As stated above, in his representation of appellant, court-appointed
counsel has concluded that the appeals are without merit.  This court then must conduct an independent
examination of the proceedings to determine if the appeals are wholly
frivolous.  Eaden, 161 S.W.3d at
176.  If, after our independent
examination, we agree with court-appointed counsel=s
conclusion, we grant the motions to withdraw and affirm.  Id. 
If, after our independent examination, we disagree with
court-appointed counsel=s
conclusion, we abate the appeals for appointment of subsequent counsel.  Id. 
Because we have concluded that the appeals are without merit, appellant=s motions are moot.

The motions to withdraw are granted, and the
judgments are affirmed.

 

PER CURIAM

 

December 21, 2005

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.