Opinion filed November 30, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00111-CR 

                                                     __________

 

                                RONNIE
DARILYN JONES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. A-27,522

 



 

                                                                   O
P I N I O N 








This is an appeal from a judgment revoking
community supervision.  On March 30,
2000, Ronnie Darilyn Jones originally entered a plea of not guilty to the
offense of possession of a controlled substance.  A jury found her guilty of the offense and
assessed punishment at seven years confinement in the Institutional Division of
the Texas Department of Criminal Justice and a fine of $7,000.  The sentence was suspended, and the trial
court placed appellant on community supervision.  Later, the State filed a motion to revoke
appellant=s
community supervision.  At a hearing on
that motion, appellant pleaded true to the allegation that she had used drugs,
specifically cocaine, in violation of her probation.

On appeal, appellant complains that there was
insufficient evidence to find that appellant violated her probation.  In a community supervision revocation
hearing, the State has the burden of proving by a preponderance of the evidence
that a condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435 (Tex.
Crim. App. 1983).  Proof of one violation
of the terms and conditions of community supervision is sufficient to support
the revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses v. State, 590
S.W.2d 469 (Tex. Crim. App. 1979).  The
trial court is the trier of the facts and determines the weight and credibility
of the testimony.  Garrett v. State,
619 S.W.2d 172 (Tex. Crim. App. 1981); Barnett v. State, 615 S.W.2d 220
(Tex. Crim. App. 1981).  A plea of true
alone is sufficient to support the trial court=s
determination to revoke.  Moses,
590 S.W.2d at 469; Cole v. State, 578 S.W.2d 127 (Tex. Crim. App.
1979).  Appellate review of an order
revoking community supervision is limited to the issue of whether the trial
court abused its discretion.  Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979).  

Appellant=s
community supervision officer, Laura Hall, testified that, when Hall informed
appellant that she needed to take a urine test, appellant told Hall that she
had been stressed the day before, went to a friend=s
house, and snorted two to three lines of cocaine.  The trial court revoked her probation and
imposed a sentence of three years in prison. 
Appellant pleaded true to the allegation that she had used cocaine
during her probation and that she admitted to the community supervision officer
that she had used cocaine.  That evidence
is sufficient to support the judgment of the trial court.  We overrule appellant=s
sole issue. 

The judgment of the trial court is affirmed. 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 30, 2006

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.