Opinion filed December 14, 2006 

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00090-CR 

                                                    __________

 

                                      CORINA
AGUIRRE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR27325

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment revoking
community supervision.  The trial court
originally convicted Corina Aguirre of forgery by passing and assessed her
punishment at confinement for two years in a state jail facility and a $500
fine.  However, the imposition of the
sentence was suspended, and appellant was placed on community supervision for
six years.  After a hearing on the State=s motion to revoke, the trial court
found that appellant had violated the terms and conditions of her community
supervision, revoked her community supervision, and imposed  a sentence of confinement for eighteen months
and a $500 fine. We affirm.








In her sole point of error, appellant contends
that the trial court abused its discretion in revoking her community
supervision. Appellant argues that the trial court Areacted@ to a Anegative
recommendation@ from the
authority supervising her community supervision instead of giving her case a Afull and complete review.@

In a community supervision revocation hearing, the
State has the burden of proving by a preponderance of the evidence that a
condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435 (Tex.
Crim. App. 1983).  Proof of one violation
of the terms and conditions of community supervision is sufficient to support
the revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses v. State, 590
S.W.2d 469 (Tex. Crim. App. 1979). 
Appellate review of an order revoking community supervision is limited
to the issue of whether the trial court abused its discretion.  Flournoy v. State, 589 S.W.2d 705
(Tex. Crim. App. 1979). 

One of the terms of her community supervision
provided that appellant Ashall
enroll in and successfully complete 
Jefferson County Women=s
Center, Beaumont, Texas, no less than three (3) months and no more than one (1)
year.@  The State alleged that appellant failed to
comply with this term because she was Aunsuccessfully
discharged from the Jefferson County Women=s
Center for failing to comply with said program=s
rules and regulations.@  

At the hearing, appellant=s
community supervision officer testified that she had been notified  that appellant had not successfully completed
the program.  The State introduced as
State=s Exhibit
No. 1 the report from the Jefferson County Community Supervision and
Corrections Department Anegatively
terminating@
appellant from the program and requesting that a warrant be issued for her
arrest.  The report detailed appellant=s history with the program from her
entry date of September 3, 2005, to the date of the January 11, 2006,
report.  The report contained information
that appellant had not paid fees and costs as ordered, had not maintained
employment as required, had failed to follow orders and instructions of the
program=s staff,
had failed to take responsibility for her actions, had informed the supervisors
that she needed surgery but had not provided any documentation, was Avery disruptive,@
and had several grievances filed against her by other residents in the program.








Appellant testified that she had had five
different supervision officers, that she was not comfortable with the last
officer (the one who testified at the hearing), that she had requested a change
to a new officer, that the supervisors at the program would not take the
residents to work, that she was forced to leave three of her jobs because of
medical emergencies, and that she had performed more than the required hours of
community service while she was in the program. 
Appellant told the trial court that she would Aprefer
to be reinstated@ on
community supervision and allowed to work and live in Midland County.  She further stated that she had Aalways done@
what the trial court and her supervision officer had told her to do.

At a revocation hearing, the trial court is the
trier of the facts and determines the weight and credibility of the
testimony.  Garrett v. State, 619
S.W.2d 172 (Tex. Crim. App. 1981); Barnett v. State, 615 S.W.2d 220
(Tex. Crim. App. 1981).  The record
before this court does not support appellant=s
contentions that the trial court did not give her case a Afull and complete review@ or that the trial court abused its
discretion by revoking her community supervision.  The point is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 14, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J, 

McCall, J., and Strange, J.