Opinion filed April 19, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed April 19, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00316-CR 

                                                    __________

 

                               JEFFERY DALE MEDLOCK, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR28886

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment revoking
community supervision.  We affirm.

                                                           Procedural
Background








 Jeffery
Dale Medlock originally entered a plea of guilty to the offense of burglary of
a building.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of appellant=s guilt, placed him on community
supervision for two years, and assessed a $500 fine.  After a hearing on the State=s motion to adjudicate, the trial court
found that the allegations that appellant had violated the terms and conditions
of his community supervision were true, revoked his community supervision,
adjudicated his guilt, and assessed his punishment at confinement for two
years.  However, the trial court
suspended the imposition of the sentence and placed appellant on Aregular@
community supervision for four years.

At the hearing on the State=s
2005 motion to revoke, appellant entered pleas of true to the allegations that
he had violated the terms and conditions of his community supervision and
entered into a plea agreement to extend the duration of his community
supervision and to amend his terms and conditions to include community service
and a $500 fine.  The trial court followed
the plea bargain agreement.  At the
hearing on the State=s
2006 motion for revocation, appellant entered pleas of true to the State=s allegations that he had violated the
terms and conditions of his community supervision.  A plea bargain agreement was not
reached.  The trial court determined that
appellant had violated the terms and conditions of his community supervision,
found the allegations to be true, and imposed a sentence of confinement in a
state jail facility for twenty-four months. 
Appellant now perfects this appeal.

                                                                  Issue
on Appeal

In his sole issue on appeal, appellant contends
that the trial court erred in sentencing him to confinement when Aother alternatives suggested by
Appellant at Appellant=s
October 19, 2006 hearing would have better served the community, the State,
Appellant=s family,
and the interest of justice.@

                                                                  Applicable
Law








In a community supervision revocation hearing, the
State has the burden of proving by a preponderance of the evidence that a
condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435 (Tex.
Crim. App. 1983).  Proof of one violation
of the terms and conditions of community supervision is sufficient to support
the revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses v. State, 590
S.W.2d 469 (Tex. Crim. App. 1979).  The
trial court is the trier of the facts and determines the weight and credibility
of the testimony.  Garrett v. State,
619 S.W.2d 172 (Tex. Crim. App. 1981); Barnett v. State, 615 S.W.2d 220
(Tex. Crim. App. 1981).  A plea of true
alone is sufficient to support the trial court=s
determination to revoke.  Moses,
590 S.W.2d at 469; Cole v. State, 578 S.W.2d 127 (Tex. Crim. 
App. 1979).  Appellate review of
an order revoking community supervision is limited to the issue of whether the
trial court abused its discretion.  Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979). 

                                                                        Analysis

Appellant has not established that the trial court
abused its discretion.  Upon revocation
of community supervision, the trial court is authorized to dispose of the case Aas if there had been no community
supervision@ or to
reduce the term of confinement if the trial court determines that result would
be in the best interest of both society and the defendant.  Tex.
Code Crim. Proc. Ann. art. 42.12, '
23(a) (Vernon 2006).  

The trial court heard testimony that appellant=s delinquent probation fees totaled
$1,123; that appellant had never enrolled in, attended, or completed Project
Adam as ordered; that he had not reported as ordered; that appellant had failed
to provide proof that he had attended AA as ordered; and that appellant had
failed to perform community service as ordered. 
The trial court also heard appellant=s
testimony that he had learned to control his anger, that his son had been born
prematurely, and that he would like another chance to remain on community
supervision.

The punishment assessed
was within the range authorized by the legislature for the state jail felony of
burglary of a building as defined by Tex.
Pen. Code Ann. '
30.02 (Vernon 2003) of confinement for a term of not more than two years and
not less than 180 days and an optional fine not to exceed $10,000.  Tex.  Pen. Code Ann. '
12.35 (Vernon 2003).  The trial court did not abuse its discretion
when it assessed punishment within this range. 
Jackson v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield
v. State, 42 S.W.3d 350 (Tex. App.CEastland
2001, pet. ref=d).  The issue is overruled.          This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

April 19, 2007

Do not
publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.