**Opinion filed April 11, 2013**



## In The

# Eleventh Court of Appeals

_____

### Nos. 11-12-00137-CR, 11-12-00138-CR, 11-12-00139-CR, & 11-12-00140-CR

_____

### PAUL MUNOZ, III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR34054, CR34560, CR34269, & CR34070**

### M E M O R A N D U M   O P I N I O N

Paul Munoz, III, appellant pleaded guilty to three counts of felony theft over $1,500 and a fourth count of theft under $1,500, which was elevated to a felony by two prior theft convictions. The trial court found Appellant guilty and sentenced him to confinement for two years on each count. However, the trial court suspended the imposition of the sentences and placed Appellant on community supervision for five years. Subsequently, the State moved to revoke Appellant's probation, alleging several violations of the conditions of his community supervision. Following

four separate hearings, the trial court revoked Appellant's community supervision and imposed a sentence of confinement for two years for each conviction, to run concurrently. We affirm.

## *I. Issue on Appeal*

Appellant's sole issue in each appeal is that the trial court abused its discretion when it revoked his community supervision because the evidence cannot support a finding that Appellant violated any of his community supervision conditions. Appellant challenges the sufficiency of the evidence to support findings that he committed five offenses of theft by check, that he failed to pay fees, and that he failed to complete community service.

## *II. Standard of Review*

The decision to revoke probation rests within the trial court's discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex. Crim. App. 1981). In a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any of the alleged violations supports a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2012). The trial court is the judge of witnesses' credibility and of whether the allegations support revocation. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We review the evidence in the light most favorable to the trial court's order. *Id.* We will uphold the revocation order if some evidence supports the trial court's finding of a violation. *Becker v. State*, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.). When the motion alleges multiple violations, we will affirm the trial court's revocation order if the proof on any of the allegations is sufficient. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

## *III. Discussion and Analysis*

One of the conditions of Appellant's community supervision in each of the four cause numbers was that he "commit no offense against the laws of this State or any other State or of the United States." The State alleged in each of the four motions to revoke that Appellant committed five offenses of theft by check while on community supervision. One of the theft allegations stated:

> [O]n or about the 14th day of January, 2011 in the County of Midland and State of Texas, the defendant, Paul Munoz III did then and there by deception unlawfully acquire and exercise control over property, to wit: money and merchandise of a kind and quantity unknown, of the total value of $509.74, from MCCOY'S Building Supply, the owner thereof, without the effective consent of the said owner and with the intent to deprive said owner of said property.

2

By statute, a person commits theft when he intentionally and unlawfully appropriates an owner's property and deprives him of it. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012). When a check is presented within thirty days of issuance and a defendant receives notice of the bank's refusal to honor the check due to insufficient funds, there is a presumption of the intent to deprive if the defendant fails to pay the check within ten days. TEX. PENAL CODE ANN. § 31.06 (West 2011).

Appellant contends that the evidence cannot support the trial court's finding that Appellant wrote the "hot" checks. The State argues that the testimony of the McCoy's Building Supply store manager, Jack Fisher, and Midland County District Attorney Investigator, Mario Tinajero, support the conclusion that Appellant wrote the checks.

Considered in the light most favorable to the trial court's ruling, the evidence supports the finding that Appellant committed a new offense. First, the State introduced into evidence a copy of the signed check returned to McCoy's because of insufficient funds. McCoy's manager, Fisher, testified that, when the check was returned, he contacted "Pablo Munoz," who agreed to pick up the check on January 28, 2011. When Appellant failed to pick up the check as promised, Fisher sent a certified letter to the address on the check with return receipt requested, informing Appellant that his check for $459.74 had been returned for insufficient funds; that McCoy's had added a $25.00 processing fee; and that, unless he paid the amount owed within ten days, McCoy's would refer the matter to the district attorney. Fisher also explained there were other fees added as well. The letter and return receipt were admitted into evidence without objection.

Investigator Tinajero testified that Appellant called him and "asked [him] to look up [Appellant's] hot check list to see how much he owed." Investigator Tinajero explained that Appellant identified himself and that he recognized Appellant's voice because he had spoken to him on the telephone "many times prior to that day." Investigator Tinajero said that, during his conversation, Appellant promised that "he was going to start making payments." McCoy's manager and Investigator Tinajero testified that Appellant never paid the money owed for the McCoy's merchandise.

Carl Smoot with Wells Fargo identified the account of "Pablo Munoz" by account number 3317576316. Smoot testified that no one but Pablo Munoz had authority to write checks on that account and that no forgery claim had been made with the bank. The account was eventually closed because it was overdrawn and had numerous checks drawn on the account with

3

insufficient funds. The bank charged off $875 in fees and $284.99 in principal. When Appellant testified, he claimed that he did not write the checks, but did not deny the account was his account. Finally, the State admitted an exhibit containing Appellant's thumb print, signature, and picture.

Appellant argues that Fisher did not identify Appellant but, rather, "indicated that someone he believed to be Paul Munoz contacted him and indicated that he was going to take care of the checks." Investigator Tinajero testified he was familiar with Appellant from past experience and that Appellant called asking for his outstanding balance for hot checks. Appellant contends that "[c]ertainly this is no evidence that he indeed was the writer of the checks." Appellant further contends that the evidence connecting him to the hot checks is insufficient because a defense witness, Bonnie Barron, testified she wrote the checks. Appellant maintains that, even though she recanted when faced with criminal prosecution, the "State certainly could have offered her immunity to testify regarding her actions, if it wanted to ascertain the truth."

We must consider the facts in the light most favorable to the trial court's ruling and defer to the trial court's resolution of disputed testimony. *See Garrett*, 619 S.W.2d at 174. The State proved by a preponderance of the evidence that Appellant committed the offense as alleged in its motion to revoke because there is evidence in the record to support the finding that Appellant wrote the check to McCoy's. Because proof of a single violation is sufficient, we need not reach Appellant's sufficiency arguments as to the other grounds alleged. We hold that the trial court did not abuse its discretion by granting the State's motion to revoke. Appellant's sole issue in each appeal is overruled.

*This Court's Ruling*

We affirm the trial court's judgments.


MIKE WILLSON

April 11, 2013                                    JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4