Opinion filed July 3, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed July 3, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                      Nos. 11-08-00026-CR & 11-08-00027-CR

                                                    __________

 

                            KEITHEN CURTIS MCMILLAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                          Trial
Court Cause Nos. 98184 & 98278

 



 

                                            M
E M O R A N D U M    O P I N I O N








These
are appeals from judgments adjudicating guilt.  Keithen Curtis McMillan
originally entered pleas of guilty to the offenses of aggravated kidnapping[1]
and retaliation.[2]  In each
case, the trial court deferred the adjudication of guilt and placed appellant
on community supervision for five years.  In the aggravated kidnapping
conviction, a $500 fine was assessed.  After a hearing on the State=s motion to adjudicate, the
trial court found in each case that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, and
adjudicated his guilt.  In Cause No. 11-08-00026-CR, the trial court imposed a
sentence of confinement for twenty years.  In Cause No. 11-08-00027-CR, the
trial court imposed a sentence of confinement for ten years.  We affirm.

In
each case, appellant=s
court-appointed counsel has filed a motion to withdraw.  The motions are
supported by briefs in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
each appeal is frivolous.  Counsel has briefed three potential issues.

In
the first potential issue, counsel contends that the trial court failed to find
that the allegation in the State=s
motion to adjudicate was vague.  Counsel concludes that error, if any, was
harmless.  We note that the record does not reflect that any objection was made
to the allegation.  The first potential issue is overruled.

In
the second potential issue, counsel contends that the evidence is insufficient
to support the trial court=s
decision to revoke community supervision and proceed with adjudication of guilt
in each case.[3]  Counsel
notes that the preponderance of the evidence supports the trial court=s decision. In a community
supervision revocation hearing, the State has the burden of proving by a
preponderance of the evidence that a condition of community supervision has
been violated.  Jenkins v. State, 740 S.W.2d 435 (Tex. Crim. App.
1983).  Proof of one violation of the terms and conditions of community
supervision is sufficient to support the revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor v. State, 604 S.W.2d 175
(Tex. Crim. App. 1980); Moses v. State, 590 S.W.2d 469 (Tex. Crim. App.
1979).  The trial court is the trier of the facts and determines the weight and
credibility of the testimony.  Garrett v. State, 619 S.W.2d 172 (Tex.
Crim. App. 1981); Barnett v. State, 615 S.W.2d 220 (Tex. Crim. App.
1981).  Appellate review of an order revoking community supervision is limited
to the issue of whether the trial court abused its discretion.  Flournoy v.
State, 589 S.W.2d 705 (Tex. Crim. App. 1979).   The trial court did not
abuse its discretion, and the second potential issue is overruled.








In
the third potential issue, counsel suggests that appellant did not receive
effective assistance from his trial counsel.  The record does not support this
suggestion.  We agree with appellate counsel=s
conclusions that in each case appellant did in fact receive effective
assistance.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland
v. Washington, 466 U.S. 668, 690 (1984); Andrews v. State,
159 S.W.3d 98, 101 (Tex. Crim. App.  2005); Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999).   The third potential issue is overruled.

Counsel
has provided appellant with copies of the briefs and advised appellant of his
right to review the record and file responses to counsel=s briefs. Responses have not been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173
(Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the record,
and we agree that the appeals are without merit.  We note that counsel has the
responsibility to advise appellant that he may file petitions for discretionary
review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206
S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant that
he may file petitions for discretionary review pursuant to Tex. R. App. P. 66. Black v. State,
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motions to withdraw are granted, and the judgments are affirmed.

 

PER CURIAM

 

July 3, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-08-00026-CR.





[2]Cause No.  11-08-00027-CR.





[3]The hearing on the motion to adjudicate was conducted
after the effective date of the amendments to Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2007) allowing an appeal from the determination to
adjudicate.