**Opinion filed April 16, 2009**



In The

# Eleventh Court of Appeals

---

## No. 11-08-00283-CR

---

## NATHAN HUTTA JR., Appellant

## V.

## STATE OF TEXAS, Appellee

---

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16489B**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. The trial court originally convicted Nathan Hutta Jr., upon his plea of guilty, of delivery of cocaine in a drug-free zone. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for eight years. A $1,000 fine was assessed. At the hearing on the State's motion to revoke, appellant entered pleas of true to six of the State's allegations. The trial court found that appellant had violated the terms

and conditions of his community supervision, revoked his community supervision, and imposed a sentence of confinement for eight years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. In a community supervision revocation hearing, the State has the burden of proving by a preponderance of the evidence that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *McDonald v. State*, 608 S.W.2d 192 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175 (Tex. Crim. App. 1980); *Moses v. State*, 590 S.W.2d 469 (Tex. Crim. App. 1979). The trial court is the trier of the facts and determines the weight and credibility of the testimony. *Garrett v. State*, 619 S.W.2d 172 (Tex. Crim. App. 1981); *Barnett v. State*, 615 S.W.2d 220 (Tex. Crim. App. 1981). A plea of true alone is sufficient to support the trial court's determination to revoke. *Moses*, 590 S.W.2d at 470; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Appellate review of an order revoking community supervision is limited to the issue of whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763; *Cordona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A review of the record reflects that the trial court did not abuse its discretion.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670

2

(Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

      The motion to withdraw is granted, and the judgment is affirmed.


                                   PER CURIAM


April 16, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.