Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00283-CR

                                                    __________

 

                                     NATHAN HUTTA JR., Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16489B

 



 

                                             M
E M O R A N D U M   O P I N I O N








This
is an appeal from a judgment revoking community supervision.  The trial court
originally convicted Nathan Hutta Jr., upon his plea of guilty, of delivery of
cocaine in a drug-free zone.  Pursuant to the plea bargain agreement, the trial
court suspended the imposition of the confinement portion of the sentence and
placed appellant on community supervision for eight years.  A $1,000 fine was
assessed.  At the hearing on the State=s
motion to revoke, appellant entered pleas of true to six of the State=s allegations.  The trial
court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, and imposed a
sentence of confinement for eight years.  We affirm.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has not been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  In a community
supervision revocation hearing, the State has the burden of proving by a
preponderance of the evidence that a condition of community supervision has been
violated. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cobb v.
State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  Proof of one violation
of the terms and conditions of community supervision is sufficient to support
the revocation.  McDonald v. State, 608 S.W.2d 192 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses
v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979).  The trial court is the
trier of the facts and determines the weight and credibility of the testimony. 
Garrett v. State, 619 S.W.2d 172 (Tex. Crim. App. 1981); Barnett v.
State, 615 S.W.2d 220 (Tex. Crim. App. 1981).  A plea of true alone is
sufficient to support the trial court=s
determination to revoke.  Moses, 590 S.W.2d at 470; Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979).  Appellate review of an order
revoking community supervision is limited to the issue of whether the trial
court abused its discretion.  Rickels, 202 S.W.3d at 763; Cordona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  A review of the record
reflects that the trial court did not abuse its discretion.








We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review by the Texas Court of Criminal Appeals.  Ex
parte Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black
v. State, 217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motion to withdraw is granted, and the judgment is affirmed.

 

 

PER CURIAM

 

April 16, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.