**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00218-CR

_____

## ANTHONY DWAYNE HILL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR-28770**

### M E M O R A N D U M   O P I N I O N

Anthony Dwayne Hill appeals the judgment of the trial court revoking his community supervision. We affirm.

*Procedural Background*

The trial court originally convicted appellant of possession of a firearm by a felon and assessed his punishment at confinement for ten years. However, the trial court suspended the imposition of the sentence and placed appellant on community supervision. At the hearing on the State's motion to revoke, appellant decided not to accept the State's offer of an agreed punishment

of four years confinement and entered pleas of true to both allegations. The trial court found the allegations to be true, revoked appellant's community supervision, and imposed a sentence of confinement for eight years.

*Issues on Appeal*

Appellant argues that his due process rights were violated when his community supervision was revoked and that the punishment assessed was excessive. We disagree.

*Revocation of Community Supervision*

In a community supervision revocation hearing, the State has the burden of proving by a preponderance of the evidence that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *McDonald v. State*, 608 S.W.2d 192 (Tex. Crim. App.1980); *Taylor v. State*, 604 S.W.2d 175 (Tex. Crim. App. 1980); *Moses v. State*, 590 S.W.2d 469 (Tex. Crim. App. 1979). The trial court is the trier of the facts and determines the weight and credibility of the testimony. *Garrett v. State*, 619 S.W.2d 172 (Tex. Crim. App. 1981); *Barnett v. State*, 615 S.W.2d 220 (Tex. Crim. App. 1981). A plea of true alone is sufficient to support the trial court's determination to revoke. *Moses*, 590 S.W.2d at 470; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Appellate review of an order revoking community supervision is limited to the issue of whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763; *Cordona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Appellant entered pleas of true to both allegations that he violated the terms and conditions of his community supervision. The trial court found both allegations to be true. Either allegation is sufficient to support the trial court's decision to revoke, and either plea is sufficient to support the revocation. Appellant has failed to establish that the trial court abused its discretion or violated his due process rights by revoking his community supervision. The first issue is overruled.

*Punishment Assessed*

The trial court assessed punishment within the range authorized by the legislature under TEX. PENAL CODE ANN. § 12.34 (Vernon 2003), § 46.04 (Vernon Supp. 2008). A penalty assessed within

the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd).

The second issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


May 21, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.