Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00218-CR

                                 __________

 

                                ANTHONY DWAYNE HILL, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
County, Texas

 

                                                Trial
Court Cause No. CR-28770

 



 

                                            M
E M O R A N D U M    O P I N I O N

Anthony
Dwayne Hill appeals the judgment of the trial court revoking his community
supervision.  We affirm.

                                               Procedural
Background








The
trial court originally convicted appellant of possession of a firearm by a
felon and assessed his punishment at confinement for ten years.  However, the
trial court suspended the imposition of the sentence and placed appellant on
community supervision.   At the hearing on the State=s motion to revoke, appellant decided not to
accept the State=s
offer of an agreed punishment of four years confinement and entered pleas of
true to both allegations.  The trial court found the allegations to be true,
revoked appellant=s
community supervision, and imposed a sentence of confinement for eight years.

                                                                 Issues
on Appeal

Appellant
argues that his due process rights were violated when his community supervision
was revoked and that the punishment assessed was excessive.  We disagree.

                                               Revocation
of Community Supervision

In
a community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated. Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App.
1993).  Proof of one violation of the terms and conditions of community
supervision is sufficient to support the revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App.1980); Taylor v. State, 604 S.W.2d 175
(Tex. Crim. App. 1980); Moses v. State, 590 S.W.2d 469 (Tex. Crim. App.
1979).  The trial court is the trier of the facts and determines the weight and
credibility of the testimony.  Garrett v. State, 619 S.W.2d 172 (Tex.
Crim. App. 1981); Barnett v. State, 615 S.W.2d 220 (Tex. Crim. App.
1981).  A plea of true alone is sufficient to support the trial court=s determination to revoke. 
Moses, 590 S.W.2d at 470; Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. 1979).  Appellate review of an order revoking community
supervision is limited to the issue of whether the trial court abused its
discretion.  Rickels, 202 S.W.3d at 763; Cordona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984).

Appellant
entered pleas of true to both allegations that he violated the terms and
conditions of his community supervision. The trial court found both allegations
to be true.  Either allegation is sufficient to support the trial court=s decision to revoke, and
either plea is sufficient to support the revocation.  Appellant has failed to
establish that the trial court abused its discretion or violated his due
process rights by revoking his community supervision.  The first issue is
overruled.

                                                             Punishment
Assessed








The
trial court assessed punishment within the range authorized by the legislature
under Tex. Penal Code Ann. ' 12.34 (Vernon 2003), ' 46.04 (Vernon Supp. 2008).
 A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809
(Tex. Crim. App. 1984); Bradfield v. State, 42 S.W.3d
350, 354 (Tex. App.CEastland
2001, pet. ref=d).

The second
issue is overruled.

                                                                        Holding

The judgment
of the trial court is affirmed.

 

 

RICK
STRANGE

JUSTICE

 

May 21, 2009

Do not
publish.  See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.